498 P.2d 205

**STATE of Arizona, Appellee,**

v.

**Carlos WHEELER, Appellant.**

**No. 2148.**

Supreme Court of Arizona,
In Banc.

June 15, 1972.

Gary K. Nelson, Atty. Gen., by Frank Sagarino, Chief Asst. Atty. Gen., and Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

The appellant, Carlos Wheeler, was arrested, tried by a jury and convicted of robbery and attempted rape. From the sentences imposed, he appeals.

The prosecutrix in this case was a part-time dance instructor and had been married and divorced three times. At about nine o'clock on the evening of May 15, 1969, she went to a night club called the Nite Life to keep a date with a married man. She sat down at the bar, ordered a drink, and there for the first time she met the appellant. Her date did not appear at the Nite Life during the course of the evening.

The appellant told her that he was part-owner of Phil's Steak House, a restaurant near the night club, and he invited her to see the restaurant. At about eleven o'clock they left the night club and went to the steak house, which was at that time closed for the night. They drank beer there for one and one-half to two hours. Appellant attempted to engage in sexual intercourse with the prosecutrix, but she resisted his advances. Appellant then bound her hands and legs, took her money and credit cards which she had in her purse, the keys to her automobile and left in it. Fifteen empty beer bottles were counted when the steak house was opened the next morning.

The court imposed sentences of five to six years' imprisonment in the state penitentiary on each charge. At this point in the proceedings, the appellant turned to his attorney and struck him on the chin and throat with his right fist. The sentencing judge then attempted to re-sentence the appellant, thereby increasing his punishment. Two days later, on April 3, 1970, the court caused the appellant to be brought before him and formally re-sentenced the appellant to not less than five nor more than six years on the robbery and not less than 24 nor more than 25 years on the attempted rape, the sentences to run consecutively.

On March 30, 1971, on an original application for writ of habeas corpus in this Court, we vacated the sentences and directed that the sentencing judge re-sentence the appellant, specifying which sentence should run consecutively to the other. The appellant was re-sentenced, the court correcting the sentence of attempted rape, Count 2, to provide that the sentence of 24 to 25 years was to begin at the conclusion of the sentence on Count 1.

Appellant now complains on appeal that the court's instructions on the verdicts submitted to the jury were insufficient. The court's instructions to the jury in this regard were as follows:

"You'll be given four forms of verdict. They read as follows:

'We, the jury, duly impaneled and sworn in the above entitled action, upon our oaths, do find the defendant, Carlos Wheeler, guilty of the crime of robbery,

as charged in Count 1 of the Information.'

The second form reads: 'We, the jury, duly impaneled and sworn in the above entitled action upon our oaths, do find the defendant, Carlos Wheeler, not guilty of the crime of robbery, as charged in Count 1 of the Information.'

The third form reads: 'We, the jury, duly impaneled and sworn in the above entitled action, upon our oaths, do find the defendant, Carlos Wheeler, guilty of the crime of attempted rape, as charged in Count 2 of the Information.'

The last form reads: 'We, the jury, duly impaneled and sworn in the above entitled action, upon our oaths, do find the defendant, Carlos Wheeler, not guilty of the crime of attempted rape, as charged in Count 2 of the Information.' "

It is appellant's position that the jury should have been told that it must find separately that each crime was committed, arguing that the effect of the verdicts as given to the jury could have caused it to believe that upon finding the appellant guilty of either count it must find the appellant guilty of both, and that the court should have instructed the jury that it had the right to find the appellant guilty of one charge without finding him guilty of the other. In support of his position, appellant cites State v. Parra, 10 Ariz.App. 427, 459 P.2d 344 (1969).

We think it unnecessary to determine whether the court's instruction was consistent with the opinion in State v. Parra for two reasons. First, the court, at the conclusion of its instruction to the jury, stated to counsel:

"Does either counsel have any additions or corrections to the instructions or the verdicts as read?"

Counsel for the defendant: "I have no objections."

Counsel for the State: "The State has none, Your Honor."

The claim of error now urged is for the first time raised on appeal. Where error is asserted in instructions for the first time on appeal and the trial court was not given an opportunity to correct the asserted error, it will be considered as waived. State v. Coward, 108 Ariz. 270, 496 P.2d 131, 132 (1972). Moreover, the court instructed the jury:

"If you have any questions concerning the verdicts or instructions, write the question on a piece of paper and give it to the bailiff who in turn will give it to me."

We think where, as here, alternative verdicts of guilty and not guilty on each offense were submitted, the jurors were not so obtuse or witless as to believe that they were compelled to return verdicts of guilty on both crimes if they did not believe defendant was guilty of each. Since the court specifically invited the jury to communicate with it if it had any doubts concerning the verdicts, and no communication was made to the court before the verdicts were returned, we are reinforced in our belief that the jury was not in fact confused.

The reporter's transcript of the court's instruction shows that the jury was also told:

" * * * if you find beyond a reasonable doubt that the defendant committed the crime charged in the Information, then you should find the defendant guilty.

If you do not find beyond a reasonable doubt that the crime or crimes charged in the Information were committed by the defendant, then you should find the defendant not guilty."

We think it highly improbable that the failure to include the plural "crimes" in the first sentence quoted above misled the jury, and that it is a mere technical error of a non-prejudicial nature. Here, again, the claimed error was raised for the first time on appeal.

The appellant further complains that the court should not have instructed the jury without request by the appellant on

his failure to testify in the case. The jury was instructed:

"It is the right of a defendant in a criminal case that he may not be compelled to testify.

You must not draw any inference of guilt from the fact that he does not testify nor should this fact be discussed by you or enter into your deliberations in any way."

This question was settled adversely to appellant in our decision in State v. McAlvain, 104 Ariz. 445, 447–448, 454 P.2d 987, 989–990 (1969), cert. den. 396 U.S. 1023, 90 S.Ct. 597, 24 L.Ed.2d 516 (1970). There, the question now urged was extensively discussed and both the Arizona decision and decisions from other jurisdictions were cited and quoted. We concluded:

"It is our position that it is better practice for the trial judge to give the instruction only if it is requested by the defendant, but it is not reversible error if the instruction is given without request." 104 Ariz. at 448, 454 P.2d at 990.

We see no reason why we should not adhere to our recent pronouncement.

 Finally, the appellant raises two claims of error which question the right of the trial court to increase the term of imprisonment after once having imposed sentence. He first urges that the subsequent attempts to increase the punishment constitute double jeopardy, a violation of the Fifth Amendment to the Constitution of the United States. With appellant's position here, we are in agreement.

In State v. Lopez, 96 Ariz. 169, 171–172, 393 P.2d 263, 265–266 (1964), we held the trial court has inherent jurisdiction to modify or vacate its order pursuant to Rule 60(c) of Civil Procedure, unless jurisdiction is terminated by the perfection of an appeal. But there is a limitation. The Supreme Court of the United States, in United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), a case in which the Government argued against the power of a court to alter a sentence when imposed even at the same term, said:

"The general rule is that judgments, decrees and orders are within the control of the court during the term at which they were made. They are then deemed to be 'in the breast of the court' making them, and subject to be amended, modified, or vacated by that court. Goddard v. Ordway, 101 U.S. 745, 752, 25 L.Ed. 1040. The rule is not confined to civil cases, but applies in criminal cases as well, *provided the punishment be not augmented.*" (Emphasis supplied.) 282 U.S. at 306–307, 51 S.Ct. at 114, 75 L.Ed. at 356.

The Court, after stating that the power of a court to control its own judgments could not be used so as to violate the constitutional guarantee against double punishment, quoted from Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874):

"For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict?" 85 U.S. (18 Wall.) at 173, 21 L.Ed. at 878 (quoted in 282 U.S. at 308, 51 S.Ct. at 114, 75 L.Ed. at 357).

In State v. Johnson, 108 Ariz. 119, 121, 493 P.2d 498, 500 (1972), we held that "a judgment is complete and valid when it is orally pronounced by the court and entered in the minutes. Nothing further is necessary * * *." In the instant case, judgment was pronounced and entered on the minutes of the court. As of that moment, appellant entered upon the execution of his sentence.

We, therefore, are of the opinion that the attempt to increase the punishment after the imposition of a valid sentence constitutes double jeopardy.

 Appellant finally argues that the initial sentencing was a pronouncement of concurrent sentences. His argument is predicated on the language of Rule 339, Rules of Criminal Procedure, 17 A.R.S. reading:

"When the defendant has been convicted of two or more offenses charged in the same indictment or information, the terms of imprisonment shall be served

concurrently unless the court expressly directs that they or some of them be served consecutively."

The transcript of the reporter shows that the court did not expressly impose consecutive sentences.

"THE COURT: And at this time the Court finds you guilty of the crimes that you are charged with being guilty of and you were found guilty of by the jury,—

DEFENDANT WHEELER: I feel, Your Honor, that I can't communicate with this Court.

(Whereupon the defendant walks away from the bench.)

THE COURT: —robbery and attempted rape.

[ASSISTANT COUNTY ATTORNEY]: Your Honor,—

THE COURT: And for both of these you are sentenced to not less than five years in the State Penitentiary and not more than six, and this will be the authority for the Sheriff to retain custody of you, his further authority to take you down to the prison, and the authority for the warden to keep you there until you are earlier released or legally released."

However, an examination of the court's record discloses that the clerk's minute entry provides that the terms were to run consecutively. It reads:

"IT IS ORDERED that you be incarcerated in the Arizona State Prison, Florence, Arizona for a term of not less than five years nor more than six years on each Count, *terms to run consecutively.*" (Emphasis supplied.)

Thus, there is a conflict between the minute entry and the reporter's transcript. Where there is a conflict between the minute entry and the court's oral pronouncement as determined from the reporter's transcript, the principle found applicable in State v. Rockerfeller, 9 Ariz. App. 265, 267, 451 P.2d 623, 625, cert. denied, 396 U.S. 920, 90 S.Ct. 247, 24 L.Ed.2d 199 (1969), should be applied. There, the court said:

"When there is a *conflict* between the minutes and a reporter's transcript, the circumstances of the particular case determine which shall govern. [citing cases]." (Emphasis in original.)

We think here the answer is clear. The oral pronouncement does not expressly direct that the terms shall be served consecutively and there is no innuendo or suggestion from the language used that they are to be served other than concurrently. Under the facts of this case, we hold the reporter's transcript governs over the clerk's minutes.

The judgment of the court below is affirmed with directions that the written judgment be modified so as to show that the sentences on robbery and attempted rape are to run concurrently.

HAYS, C. J., and LOCKWOOD and HOLOHAN, JJ., concur.

CAMERON, V. C. J., concurs with the result.