**Billy Gwinn BURKHEART, Petitioner-Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Respondent-Appellee.**

**No. 71–1722.**

United States Court of Appeals, Ninth Circuit.

July 6, 1972.

Rehearing Denied Aug. 1, 1972.

---

John V. Riggs (argued), Tempe, Ariz., for petitioner-appellant.

William P. Dixon, Asst. Atty. Gen. (argued), Roderic A. Dietz, Albert M. Coury, Asst. Attys. Gen., Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before CHAMBERS and TRASK, Circuit Judges, and CROCKER,* District Judge.

PER CURIAM:

This is an appeal from an order of the United States District Court denying petitioner's application for a writ of habeas corpus.

Petitioner had been convicted of second degree murder in a bifurcated trial as provided by the Arizona statute then in force. Ariz.Rev.Stat. § 13–1621.01. Later that statute was held to be unconstitutional, State v. Shaw, 106 Ariz. 103, 471 P.2d 715 (1970), but the unconstitutionality was prospective only. State ex rel. Berger v. Superior Court, 106 Ariz. 365, 476 P.2d 666 (1970).

Burkheart argues that the failure to apply the decision in *Shaw* retroactively so that his trial would be invalidated raises a substantial federal question. State v. Burkheart, 106 Ariz. 490, 478 P.2d 515 (1970). This is so because premeditation and malice aforethought are constituent elements of murder, and a reservation of investigation of mental condition to a second trial, separated from the guilt-finding trial, deprives a defendant of the right to have the jury pass upon criminal intent. Therefore, he asserts he has been denied federal due process.

This circuit in Benson v. Carter, 396 F.2d 319 (9th Cir. 1968), cert. denied, 393 U.S. 1080, 89 S.Ct. 852, 21 L.Ed.2d 773, rehearing denied, 394 U.S. 994, 89 S.Ct. 1451, 22 L.Ed.2d 772 (1969), decided that refusal to grant retroactivity to a particular decision did not deny federal constitutional rights, although the appellant there had advanced the same argument.

Assuming, arguendo, that he was entitled to have *Shaw* applied to him, appellant alleged no facts which would indicate he has been prejudiced. At the guilt phase of the trial he did not take the stand and offered no testimony or other evidence directly bearing on mental capacity or intent. Except for a proposed courtroom demonstration on the effect of not wearing his glasses, which was properly excluded, all of defendant's evidence was received. At the sanity phase of the trial, defendant took the stand but produced no other evidence. Four doctors testified for the state, all with substantially like opinions of defendant's sanity at the time the killing occurred. The court properly instructed the jury on the necessary elements of proof, including intent, and no objection was made. We believe the trial court was correct in denying the writ and its judgment is

Affirmed.

---

* Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.