508 P.2d 331

**STATE of Arizona, Appellee,**
**v.**
**Paul David HOWES, Appellant.**
**No. 2235.**

Supreme Court of Arizona,
In Banc.
April 4, 1973.

Rehearing Denied May 8, 1973.

**256**

Gary K. Nelson, Atty. Gen., Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant Paul David Howes was convicted of first degree murder, A.R.S. § 13–452, robbery, A.R.S. § 13–641, and assault with a deadly weapon, A.R.S. § 13–249. He was sentenced to life imprisonment, 25 to 30 years, and 25 to 30 years, respectively, to run consecutively. From his conviction and sentencing the defendant appeals.

The facts are that on November 8, 1969, a man, later identified as the defendant, robbed Earl Douglas Hinchey at gun point and then shot and killed Daniel Lee Bramble during his escape from the snack bar at the Indian Drive In Theater.

The defendant entered pleas of not guilty and not guilty by reason of insanity to each count. The procedure provided by A.R.S. § 13–1621.01 for two trials, one to determine the issue of guilt or innocence and the other to determine the issue of sanity was followed. In the guilt phase of the trial, the jury returned a verdict of guilty of murder, first degree, robbery and assault with a deadly weapon. At the sanity phase of the trial, the jury returned a finding that the defendant was sane at the time the crime was committed, and fixed the punishment at life imprisonment.

## DOUBLE JEOPARDY

The defendant first contends that there were multiple sentences given him in violation of A.R.S. § 13–1641 which provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

■ We have construed this statute many times before and have held that where a single act violates more than one statute, the defendant is protected against double punishment by A.R.S. § 13–1641. State v. Mendoza, 107 Ariz. 51, 481 P.2d

844 (1971); State v. Mitchell, 106 Ariz. 492, 478 P.2d 517 (1970).

■ Furthermore, we have consistently held that under such circumstances, conviction for both robbery and assault with a deadly weapon constitutes double punishment. See e. g. State v. Jorgenson, 108 Ariz. 476, 502 P.2d 158 (1972); State v. Williams, 108 Ariz. 382, 499 P.2d 97 (1972); State v. George, 108 Ariz. 5, 491 P.2d 838 (1971).

■ We therefore will apply our "practical test [which] is to eliminate the elements in one charge and determine whether the facts left would support the other charge." State v. Mitchell, supra, 106 Ariz. at 495, 478 P.2d at 520. The test as applied to the particular facts in the instant case shows that the element of fear necessary for the robbery conviction was the act of holding a gun on Earl Douglas Hinchey. The same act was also a necessary element of assault with a deadly weapon. As a result, we hold that the facts will not support the conviction of both robbery and assault with a deadly weapon.

■■ When it appears that double punishment would occur, the trial judge must then set aside the lesser conviction. State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967). Therefore, the conviction, judgment and sentence for assault with a deadly weapon is reversed and set aside.

■ The defendant further claims that the conviction for robbery and first degree murder also constitutes double punishment under A.R.S. § 13–1641. We do not agree.

■ One of the elements in the crime of first degree murder is the mental element of premeditation or wilful killing. Under A.R.S. § 13–452, if a murder is committed in the perpetration of a robbery then the State need not prove premeditation. All of the elements necessary to sustain a conviction for robbery need not be proved in order to establish that a murder was committed in the perpetration of a robbery. We have therefore held that a person engaged in the commission of the crime of robbery which calls into action defensive forces against him the activity of which results in the death of a human being is guilty of murder in the first degree. State v. Hitchcock, 87 Ariz. 277, 350 P.2d 681 (1960).

Moreover, in the instant case, the state also proved the elements of robbery as well as murder in the first degree. Therefore, in applying our "identical elements test" to the facts presented, the elements found in robbery are not the same as those needed to prove murder in the first degree, and result in no double punishment. See State v. Mitchell, supra.

Furthermore, the robbery of Hinchey was composed of entirely separate acts from the murder of Bramble. See State v. Gregory, 108 Ariz. 445, 501 P.2d 387 (1972). It was not until immediately after the robbery had taken place and the defendant was fleeing from the scene that the murder occurred.

We hold that A.R.S. § 13–1641 does not apply here because the conduct of the defendant involves more than one act.

## BIFURCATED TRIAL

Another error raised by the defendant is that he was deprived of due process by a bifurcated trial on the issues of guilt or innocence and then on sanity. We held that A.R.S. § 13–1621.01, as it pertains to a bifurcated trial, was unconstitutional. State v. Shaw, 106 Ariz. 103, 471 P.2d 715 (1970) cert. denied 400 U.S. 1009, 91 S.Ct. 569, 27 L.Ed.2d 622 (1971). However, the unconstitutionality was deemed prospective only. State ex rel. Berger v. Superior Court, 106 Ariz. 365, 369, 476 P.2d 666, 670 (1970).

■ The defendant alleged no facts which would indicate he has been prejudiced. Burkheart v. Eyman, 462 F.2d 1335, 1336 (9th Cir. 1972). Howes did not take the stand at the guilt phase of the trial and offered no evidence directly bearing on mental capacity or intent. Again at the sanity phase of the trial, Howes did not take the stand. Although his father and a psychiatrist testified that Howes was in-

sane, the two psychiatrists who testified for the state believed Howes to be sane at the time the killing occurred. Moreover, defendant Howes does not claim that the court improperly instructed the jury on the necessary elements of proof, including intent. We therefore hold that it was not reversible error for the defendant in this case to have a bifurcated trial.

## SEPARATE DETERMINATION OF GUILT

The defendant finally asserts that the trial judge erred in giving an instruction that the jury should find the defendant guilty or innocent of the crimes charged on the basis of reasonable doubt.

The defendant, relying upon State v. Parra, 10 Ariz.App. 427, 459 P.2d 344 (1969), contends that the jury should have been instructed that it must find separately that each crime was committed. It is the defendant's position that without this, the jury could have believed that if it found defendant guilty of one count, it must find the defendant guilty of all counts.

Since this issue was raised for the first time on appeal, it is unnecessary to determine whether State v. Parra, *supra*, is applicable. In the instant case, as in State v. Wheeler, 108 Ariz. 338, 498 P.2d 205 (1972) the judge asked if there were additions or corrections at the conclusion of reading the instructions to the jury. In both cases, the defense counsel as well as counsel for the state signified that there were none. As a result, like Wheeler, this error was raised for the first time on appeal.

It was held in State v. Wheeler, *supra,* that "[w]here error is asserted in instructions for the first time on appeal and the trial court was not given an opportunity to correct the asserted error, it will be considered as waived." 108 Ariz. at 340, 498 P.2d at 207.

Moreover, alternative verdicts of guilty and not guilty on each offense were submitted to the jurors. As we said in *Wheeler, supra,* "the jurors were not so

obtuse or witless as to believe that they were compelled to return verdicts of guilty on both crimes if they did not believe defendant was guilty of each." 108 Ariz. 340, 498 P.2d at 207.

We therefore hold that the giving of the instruction was not error.

The judgment of the trial court is affirmed except the conviction and sentencing of defendant for assault with a deadly weapon, which is reversed and set aside.

Affirmed in part; reversed in part.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.