576 P.2d 1004

STATE of Arizona, Appellee and
Cross-Appellant,

v.

William Ray GREER, Appellant and
Cross-Appellee.

Nos. 1 CA–CR 2460 and 1 CA–CR 2489.

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 19, 1978.

Rehearing Denied March 17, 1978.

Review Denied April 4, 1978.

**350**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee and cross-appellant.

J. Douglas McVay, Phoenix, for appellant and cross-appellee.

Charles F. Hyder, Maricopa County Atty. by Alan W. Johnson, Deputy County Atty., Phoenix, for cross-appellant.

## OPINION

JACOBSON, Judge.

Appellant was convicted of having committed robbery while armed with a gun and with a prior conviction in trials by jury on December 16, 1976 (robbery) and December 21, 1976 (prior felony). He appeals from the judgments and sentences of the trial court entered on December 21, 1976. The facts pertinent to a determination of the

issues on appeal are as follows. Appellant was originally convicted on the same charge of robbery with a gun in 1975. This court reversed that conviction on July 1, 1976.[1] The mandate and order from this court reversing the conviction were received by the Clerk of the Maricopa County Superior Court on August 19, 1976. The parties agree that pursuant to Rule 8.2(d), Arizona Rules of Criminal Procedure, the last day for trial was October 18, 1976, unless the time limits were extended pursuant to Rule 8.2(e) and Rule 8.5, Arizona Rules of Criminal Procedure. On October 18, 1976, the case was called for trial, but the state moved for a continuance, and the motion was granted. On December 14, 1976, the trial began, but ended in a mistrial. The next day, December 15, 1976, a new jury was impanelled and the case again proceeded to trial. On December 16, 1976, the jury convicted the appellant of armed robbery with a gun. The same jury heard evidence that day on the trial of the allegation of a prior conviction, but that trial ended in a mistrial. Appellant was finally found guilty of the prior conviction by a new jury on December 21, 1976. On the same day, he waived the pre-sentence report and asked that he be sentenced immediately. The court granted his request and sentenced appellant to serve a term of not less than 12 nor more than 15 years at the Arizona State Prison. The appellant urges three issues on appeal, and the state urges two issues by way of a cross-appeal. We will discuss first the issues raised by appellant, and then discuss the matters raised by the state.

### SPEEDY TRIAL

■ Appellant first urges that he was denied his right to a speedy trial. On October 18, 1976, he announced that he was ready for trial. At that time, the state made a motion to use the preliminary transcript of an unavailable witness. Appellant objected.[2] That motion was granted, and

---

1. *State v. Greer*, 27 Ariz.App. 197, 552 P.2d 1212 (1976).

2. The first conviction in this case was reversed on the ground that there was no showing of a

good faith effort to obtain the presence of this same witness and therefore the use of his testimony from the preliminary hearing was improper. *State v. Greer*, 27 Ariz.App. 197, 552 P.2d 1212 (1976).

immediately thereafter the state moved to continue the trial, claiming that information as to the whereabouts of the missing witness had been obtained the morning of the trial and he would possibly become available. The motion to continue was granted over the objection of appellant. The missing witness had not materialized by the time of trial in December, and the transcript was utilized. The appellant urges that he was deprived of his right to a speedy trial in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States, Art. 2, Sec. 24 of the Arizona Constitution, and Rule 8.2(d) of the Arizona Rules of Criminal Procedure.

Rule 8.2(d) requires that a new trial ordered upon the reversal of a judgment on appeal shall commence within 60 days after the entry of the order of the court. Rule 8.2(e) states that the time limits may be extended pursuant to Rule 8.5. When continuances are granted in accordance with Rule 8.5, the periods of the continuances are excluded periods pursuant to Rule 8.4, Arizona Rules of Criminal Procedure.

Appellant's trial was delayed for a period of 56 days in excess of the 60 days otherwise required by Rule 8.2(d). The first delay was for a period of 28 days from October 18 to November 15 on the state's motion for a continuance in order to extradite the missing witness. While the trial court had granted the state's motion to use the prior transcript over objection, it expressed concern that since the prior conviction had been reversed on this ground and the state now had knowledge of the missing witness's whereabouts, the interests of justice required a continuance. We agree. The trial court properly excluded the continuance time under Rule 8.5. The second continuance was granted on defendant's motion in order to procure his own out-of-state witnesses. That motion excluded the period from November 15, 1976 to December 13, 1976 pursuant to Rule 8.4(a), Arizona Rules of Criminal Procedure, which specifies that delays occasioned on behalf of a defendant shall be excluded from the computation of speedy trial time limits.

The two 28-day excludable time periods totalled a period of 56 days, the amount of excess over the 60 day requirement. Accordingly, since there was no further delay, and since the delays that were granted were excludable within the terms of Rule 8, appellant's speedy trial rights were not violated.

## MISTRIAL

Appellant next urges that the trial court erred in failing to grant his motion for a mistrial based upon the testimony of a Mr. Mays. Mr. Mays was a cellmate of Mr. Greer, and testified at the trial relating to some discussions he had had with Mr. Greer about the charges. During the course of his testimony, the following exchange occurred:

"Q: When did you first become a cellmate of Mr. Greer?

"A: Mr. Greer became a cellmate of mine, approximately November 1; when he came out of the hole for some disciplinary action he got into."

Immediately after the remark was made, appellant's counsel moved for a mistrial. In denying the motion, the court admonished the jury as follows:

"Ladies and gentlemen, the last answer should not have been in. I ask you to disregard it. It has nothing to do with this case. I want you to disregard the last answer this witness gave."

At the end of the trial, the court instructed the jury not to consider stricken testimony.

Appellant urges that the testimony of Mays inserted prejudicial and inadmissible evidence of other bad acts not amounting to a felony.

After reading the transcript, we believe that the statement was not so prejudicial as to require a mistrial or reversal. Moreover, the trial court's admonition to the jury cured any possible prejudice that might have occurred. The evidence against appellant was overwhelming as to his guilt. There were two eye witness identifications; the appellant's discussions with his cellmate

relating to the robbery were admitted into evidence; and most importantly, his attempts to induce his cellmate to fabricate an alibi for him were introduced into evidence. Accordingly, the error, if any, was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *State v. Ramirez*, 115 Ariz. 70, 563 P.2d 325 (Ct.App., 1977).

## SUFFICIENCY OF THE EVIDENCE OF THE PRIOR FELONY CONVICTION

■ Appellant last contends that his conviction of a prior felony conviction was not supported by the evidence. During that portion of the trial, the state introduced a photocopy of the judgment of guilt and sentence from the Superior Court of Maricopa County. On the back of the same page is a statement from the Department of Corrections at the Arizona State Prison, indicating that appellant had been received at the prison on the prior conviction from the Sheriff of Maricopa County. That document was originally certified in Maricopa County, and is, as previously stated, a photocopy of a certified document. Attached to the document called judgment of guilt and sentence, is another document from Pinal County, certifying that the first document is a copy from the original files and records of the Arizona State Prison.

In addition to introduction of the above-described documents, a fingerprint expert took the appellant's fingerprints at trial and compared them to the prints in the copied records of appellant and thus identified the appellant as the person who was convicted.

Rule 44(b), Arizona Rules of Civil Procedure (applicable to this case pursuant to Rule 19.3(a), Arizona Rules of Criminal Procedure, states that certified copies authorized to be filed with state and county offices may be received into evidence as originals. In *State v. McGuire*, 113 Ariz. 372, 555 P.2d 330 (1976), our Supreme Court held that copies of certified copies cannot be admitted into evidence, and that their use amounts to erroneous use of hearsay evidence. This case is different from *McGuire*,

*supra,* in that this court is presented with a certified copy of a certified copy, rather than a mere photocopy of a certified copy. We hold, therefore, that the introduction of such documents met the requirements of *State v. McGuire, supra,* and Rule 44(b), Arizona Rules of Civil Procedure.

## WAIVER OF PRE–SENTENCE HEARING AND REPORT

The state contends by cross appeal that it was denied the right to representation of counsel and to present evidence on behalf of the state for purposes of sentencing. Immediately after the verdict of conviction of a prior felony was read, the defendant requested immediate sentencing. The county attorney then representing the state, objected on the grounds that while he was representing the state on the prior conviction trial, he had not participated in the trial of the merits and therefore requested an opportunity to talk to prior counsel to determine whether an aggravation hearing would be required. The trial court overruled that objection and sentenced the appellant to the same sentence he had received on the reversed conviction—not less than 12 years nor more than 15 years in the Arizona State Prison. In over-ruling the motion, the trial court was apparently under the impression it could not impose any sentence greater than had been imposed on the reversed conviction and therefore there wasn't any "disadvantage to anybody else" by proceeding immediately on the sentencing.

Following the sentencing and on the same day, the state filed a written motion requesting a pre-sentence hearing and that the sentence be set aside. On December 23, 1976, the appellant filed his notice of appeal. On December 27, 1976, the trial court denied the motion for pre-sentence hearing and to set aside the sentence on the grounds that the trial court had lost jurisdiction of the matter by reason of the filing of the notice of appeal.

The state has raised the propriety of all the trial court's action on sentencing by a timely notice of cross-appeal filed January 1, 1977.

■ Both parties agree that under the holding in *State v. Reynaga,* 111 Ariz. 256, 527 P.2d 764 (1974) and the comments to Rule 31.11, Arizona Rules of Criminal Procedure, the trial court's ruling that it lacked jurisdiction to consider the state's motions after the filing of a notice of appeal was erroneous. However, the appellant argues that this error was harmless as the trial court heard all matters on the trial of the merits which might go to enhanced punishment (attempted bribery of alibi witnesses) and therefore presumably considered these matters in passing sentence. We might possibly agree that if the trial court was aware of its discretionary right to consider post-sentence behavior to enhance or decrease punishment, the appellant's argument would be persuasive. *Cf.* Rule 26.14, Arizona Rules of Criminal Procedure; *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, as previously indicated, the trial court was apparently under the impression it had no authority to sentence appellant to a term greater than was previously imposed on the reversal conviction and therefore did not consider post-sentence behavior. Under these circumstances, the trial court's erroneous denial of the state's motion cannot be considered harmless.

We next consider whether the trial court's denial of the motion for pre-sentence hearing and to set aside the entered sentence can be sustained on other grounds. The appellant suggests that the state's motion was untimely as it occurred after sentence had been imposed and that the state's pre-sentence objection (basically one for a continuance in order to confer with other counsel) was not sufficient to request a pre-sentence hearing.

■ In order to adequately consider this suggestion, we must determine whether the denial of the state's objection and request for continuance prior to actual sentencing was an abuse of discretion.[3]

The deputy county attorney who was present at the time the request for immediate sentencing was made had only been involved in the trial of the prior-conviction aspects of the litigation and was not trial counsel on the underlying conviction. Because of these circumstances, this deputy county attorney requested the opportunity (a continuance) to confer with trial counsel before proceeding. While we agree that trial counsel has the primary responsibility to protect the record and make proper objections, under the circumstances here, and where the delay in obtaining the required information is minimal, as evidenced by the filing of a written motion the same day, and where substantial rights of the parties are involved, we are of the opinion that the trial court abused its discretion in denying the motion for continuance. We realize, of course, that the denial may have been based on an erroneous assumption that a pre-sentence hearing would be immaterial. However, the result is the same.

■ Since the trial court abused its discretion in denying the continuance for sentencing, the court should have granted the motion to set aside the sentence. It further follows under Rule 26.7(a), Arizona Rules of Criminal Procedure,[4] that the state has an absolute right to a pre-sentence hearing and depriving the state of that right was error.

The judgment of conviction is affirmed. The sentence is reversed and the matter remanded to the trial court for the purpose of holding a pre-sentence hearing in accord-

---

**3.** The state argues that since no written motion for immediate sentencing was filed and no minute entry setting sentencing was entered, the sentencing procedure was invalid and therefore its motion after sentencing occurred was proper. We see no requirement of either a written motion or minute entry setting sentencing, when immediate sentencing is requested under Rule 26.3(a). In fact, the rule seems to contemplate an oral request and if granted, immediate sentencing with no necessity for a minute entry setting sentencing (the parties all being present in open court.)

**4.** Rule 26.7(a) provides in part: "When the court has discretion as to the penalty to be imposed, it . . . *shall* on the request of *any* party, hold a pre-sentencing hearing at any time prior to sentencing." (emphasis added)

ance with Rule 26.7 and under the limitations of Rule 26.14.

WREN, P. J., and EUBANK, J., concur.