623 P.2d 822

The STATE of Arizona, Appellee,

v.

Danny Arvizu MORENO, Appellant.

2 CA–CR 2031.

Court of Appeals of Arizona,
Division 2.

Nov. 17, 1980.

Rehearing Denied Jan. 15, 1981.

Review Denied Feb. 11, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Robert Gary Benedict, Tucson, for appellant.

OPINION

RICHMOND, Judge.

Appellant was convicted of armed robbery and three counts of aggravated assault, felonies of a dangerous nature, with four prior felony convictions. On appeal he contends (1) it was fundamental error to instruct the jury that physical injury was

not an essential element of aggravated assault when one count of the information alleged such injury; (2) improper argument by the prosecutor denied him a fair trial; (3) the evidence was insufficient to prove the prior convictions, and (4) he was denied a fair trial because three jurors saw him in custody of a deputy sheriff. We affirm.

 Appellant does not challenge the correctness of the instruction on aggravated assault but argues that it authorized a conviction on one of the counts on a theory not supported by the information. We do not agree. The allegation of causing serious injury was surplusage. The information alleged the use of a deadly weapon, making the assault an aggravated one under A.R.S. § 13–1204(A)(2).[1]

The prosecutor's comment about the animosity of one witness, the defense of the plea bargain with another, and the reference to appellant's failure to produce witnesses were not improper. His suggestion that the state had nothing to gain by calling certain witnesses "[i]f Mr. Moreno was not the person" was subject to correction by admonition on proper objection. *See State v. Islas*, 119 Ariz. 559, 561, 582 P.2d 649, 651 (App.1978). No objection was made. The remark was not so prejudicial as to deny appellant a fair trial.

The certified copy of the "scar sheet" from the records of the Arizona Department of Corrections, used for identification in proving appellant's prior convictions, was properly admitted. *See State v. Greer*, 118 Ariz. 349, 576 P.2d 1004 (App. 1978). Contrary to appellant's assertion, rule 902(4), 17A A.R.S. Rules of Evidence, does not distinguish between "public records" and "official records." Adequacy of the tattoos listed in the exhibit to identify appellant as the person previously convicted was a jury question.

Finally, the record clearly refutes any prejudice from appellant having been seen in custody by one juror and appellant

1. In any event, the evidence was undisputed that the victim named in the particular count suffered a serious physical injury. If there was

waived any alleged error as to two other jurors by failing to bring a second incident to the court's attention until the following day, after the jury had returned its verdicts, thereby precluding any in-camera examination or admonition of the jurors.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

error it was harmless beyond a reasonable doubt.