132 Ariz. 429 (1982)
646 P.2d 314
STATE of Arizona, Appellee,
v.
Joe WASHINGTON, Jr., Appellant.
No. 1 CA-CR 5290.
Court of Appeals of Arizona, Division 1, Department C.
April 29, 1982.
Rehearing Denied May 25, 1982.
Review Denied June 15, 1982.
*430 Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.
George M. Sterling, Jr., Phoenix, for appellant.
OPINION
EUBANK, Presiding Judge.
Appellant was indicted on August 7, 1980, on charges arising from the armed robbery of an all-night gas station in Phoenix, Arizona. Three persons other than appellant were present at the time of the robbery: a cashier, a co-employee, and a relative of the owner. Appellant used a .38 pistol against all three to coerce the surrender of the money, and two shots were fired in the course of events. Appellant was charged with three counts of armed robbery under A.R.S. §§ 13-1902, 13-1904, and one count of aggravated assault under A.R.S. §§ 13-1203, 13-1204. Following a jury trial he was convicted on all four counts. He admitted four prior convictions, and was sentenced to three concurrent terms of 15.75 years imprisonment on the robbery charges and one term of 11.25 years on the assault charge, to be served consecutive to the sentences on the robbery charges.
Appellant perfected the instant appeal, and raises three issues for our review:
(1) Whether a "bait bill receipt," kept inside the cash drawer and bearing a serial number of a bill allegedly in the cash drawer, should have been admitted into evidence;

*431 (2) Whether the prosecutor violated appellant's fifth amendment right against self-incrimination by asking the jury to view his physical appearance; and
(3) Whether the consecutive sentence imposed on the assault charge constituted additional punishment for the act of armed robbery, and thus fell within the prohibition against double punishment.
We shall address the issues in the order presented.
I. THE BAIT BILL RECEIPT
The particular cash drawer at the gas station was rigged by law enforcement authorities with a silent alarm. The alarm was tripped by removal of a certain one dollar bill, known as a bait bill. The serial number of this bait bill was recorded on a small slip of cardboard and taped underneath the drawer. A one dollar bill bearing the same serial number as the slip or receipt was found in the grass where appellant was apprehended shortly after the robbery. Both the bill and the receipt were admitted into evidence and were before the jury for its consideration.
Appellant correctly contends on appeal that the bait bill receipt constituted a hearsay statement. The declarant-author of the receipt was not called and did not testify, yet the receipt was offered in evidence to prove the truth of the matter asserted; namely, that a certain dollar bill found at the place of appellant's arrest was in the cash drawer at the time of the robbery. Arizona Rules of Evidence, 17A A.R.S. Rule 801(c).
Appellant did not, however, object on hearsay grounds when the receipt was offered into evidence. Rather, counsel objected, after voir dire examination, to the foundation laid for admission of the receipt into evidence. The state contends that appellant waived his hearsay objection for failing to object at trial, and may now only assert lack of sufficient foundation on appeal. Appellant contends that he preserved his objection by raising the hearsay objection against earlier testimony concerning the bait bill itself.
The record shows that at the time appellant made his hearsay objection it was properly overruled because the officer was merely testifying to his personal observations concerning the bait bill. The truth of the matter asserted in the bait receipt (the serial number of the bait bill and the inference that the bait bill was in the cash register) was not then in issue. Therefore, this objection did not preserve any error regarding the possible hearsay nature of the receipt. Later, when the receipt was actually offered into evidence and its hearsay character was in issue, appellant objected only on the grounds of insufficient foundation for admitting the document.
Error may not be predicated upon a ruling by the trial court which admits evidence unless a substantial right of the party is affected and a timely objection appears of record stating the specific ground of objection. Arizona Rules of Evidence, 17A A.R.S. Rule 103(a). Since no hearsay objection was made in regard to the receipt, appellant may not allege error in the admission of the document on that ground. See State v. Long, 119 Ariz. 327, 328, 580 P.2d 1181, 1182 (1978); State v. Ballantyne, 128 Ariz. 68, 72, 623 P.2d 857, 861 (App. 1981).
Regarding the challenge made to foundation, we note that sufficiency of foundation for the authentication of documents is a matter of discretion with the trial judge. See Udall & Livermore, Law of Evidence, § 111 at 226 (2d ed. 1982). A proponent of physical evidence need not disprove the possibility of tampering if a reasonable showing is made that the item is intact and unaltered. State v. Hodges, 109 Ariz. 196, 507 P.2d 121 (1973); Witt Ice & Gas Co. v. Bedway, 72 Ariz. 152, 231 P.2d 952 (1951); Udall, Arizona Law of Evidence, § 131 at 272 (1st ed. 1960). Upon the basis of the authenticating evidence in this case, we see no abuse of the trial judge's discretion in admitting the receipt on the sufficiency of foundation basis.
*432 II. PROSECUTORIAL MISCONDUCT
During the closing argument, the prosecutor requested the jury to compare the size of appellant to that of the three robbery victims. Although no objection was made at the time, appellant now urges that this comment violated his constitutional right against self-incrimination.
As authority for this argument, appellant relies upon State v. Suells, 122 Ariz. 8, 592 P.2d 1274 (1978), quoting that portion of the opinion which holds that such error is of constitutional dimension. The state responds by pointing out that the opinion was modified upon motion for rehearing, 122 Ariz. at 12, 592 P.2d at 1278. In Suells, Division 2 of this court expressly held that the error was waived by failure to object. Since no objection was made in the case at bar, and since appellant has not responded to the state's argument in his reply brief, we hold that appellant has waived the error, if any.
However, we do note that appellant's counsel put appellant's appearance in issue first when he was cross-examining Cheryl Schmidt, the cashier. On the question of appellant's height, previously testified to by Ms. Schmidt, appellant's counsel said:
Q. Will you stand up, Mr. Washington? Would you consider that above average height. How tall do you consider me to be?
A. [Cheryl] Six-two.
The same tactic was used on re-cross regarding appellant's baggy shirt. Appellant's counsel was obviously attacking Ms. Schmidt's credibility by using the physical characteristics of appellant's appearance in the courtroom before the jury.
III. DOUBLE PUNISHMENT
Appellant contends that all of his actions on the night in question merged into the crime of armed robbery. Thus, he argues that the consecutive sentence that he received for aggravated assault was double punishment for the armed robbery convictions and hence prohibited. A.R.S. § 13-116. To facilitate discussion of this issue, a more detailed factual statement is necessary.
In the early morning hours of August 1, 1980, appellant walked into the Cardon gas station with a gas can. He approached the cashier's booth and inquired as to the price of gas. Upon receiving a response, he grabbed one of the persons standing near the booth around the neck, pointed a .38 pistol at the cashier, and demanded money. At this point in time, the armed robbery was not yet complete.
When the cashier hesitated, appellant shot through the glass booth and the cashier was injured by flying glass. He then commanded the other two persons to enter the booth and retrieve the money. They did so, while the cashier hid in a corner of the booth. At this point, the armed robbery was complete. A.R.S. § 13-1902, 13-1904. After inquiring about an alarm, appellant fled on foot from the scene. He was not pursued, but he nevertheless fired a second shot. The cashier testified that she heard the second shot, "hit the floor," was "upset" and "I went hysterical." Her testimony was sufficient for the jury to conclude that she was in reasonable apprehension of imminent physical injury by use of a gun, as required by the assault statute. A.R.S. §§ 13-1203(A)(2), 13-1204(A)(2).
We agree with the appellant that the first shot appellant fired cannot form the basis of the assault. It is too intertwined with the elements of the armed robbery. A.R.S. § 13-1904(A)(2); State v. Howes, 109 Ariz. 255, 508 P.2d 331 (1973). The second shot, however, does form the basis of the assault charge. Applying the identical elements test of State v. Howes, supra, to the facts described above, it is apparent that the second shot was an act by appellant separate and distinct from the armed robbery. See State v. Ring, 131 Ariz. 374, 641 P.2d 862 (1982); State v. Blazak, 110 Ariz. 202, 516 P.2d 575 (1973); State v. Mayhew, 27 Ariz. App. 444, 555 P.2d 1132 (1976). Therefore, it constitutes a separate crime and appellant is subject to separate punishment for the crime.
During closing argument, the prosecutor attempted to demonstrate how the assault *433 was committed by virtue of the first shot. Thus, appellant argues that the state cannot now rely on the second shot to sustain the assault conviction. Such an argument, however, finds no support in the law. The jury is not bound by the prosecutor's arguments; it is free to apply the law to the facts as instructed by the trial judge. Here, the jury was accurately instructed on the elements of assault. The testimony fully supported a finding of assault based on the second shot. Such being the case, this court will not speculate into the reasons for the jury's verdict. It is enough that there is sufficient evidence to support a conviction on the assault charged.
Appellant also argues double jeopardy. For the reasons stated above, there is no double jeopardy involved here. Appellant was tried once and convicted on each of the four counts alleged in the indictment. He was not tried twice on any charge.
We have examined the entire record of this case. No fundamental or reversible error appears on the face of the record, and none has been called to our attention. Therefore, the convictions and sentences are affirmed.
HAIRE and CONTRERAS, JJ., concur.