803 P.2d 937

**The STATE of Arizona, Appellee,**

v.

**Shawn Leduro THOMPSON, Appellant.**

**No. 2 CA–CR 89–0533.**

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 13, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Dennis Staffelbach, Phoenix, for appellee.

Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for appellant.

OPINION

FERNANDEZ, Chief Judge.

Appellant was found guilty after a jury trial of attempted burglary in the second degree with one prior conviction. He was sentenced to the presumptive six-year prison term. Appellant raises three points on appeal, none of which requires reversal.

The first argument raised is whether the trial court abused its discretion in denying defendant's motion to preclude use of a prior felony conviction for impeachment based on the fact that he was only 16 at the time of the prior conviction. (He had been transferred to adult court.)

The decision of whether to admit evidence of a prior conviction to impeach is within the trial court's discretion, and we will not interfere with the exercise of that discretion absent a clear abuse. *State v. Williams,* 144 Ariz. 433, 698 P.2d 678 (1985). The fact that a defendant depends substantially or entirely on his own testimony to create a defense does not preclude impeaching his credibility with a prior conviction. *State v. Dickson,* 143 Ariz. 200, 693 P.2d 337 (1985). Here, the court held a hearing pursuant to Ariz.R.Evid. 609, 17A A.R.S., on the first day of trial. The trial court ruled that the probative value of the prior conviction outweighed any unfair prejudice to the defense after taking the factors enumerated in *Williams* into ac-

count. We see no abuse of the trial court's discretion in allowing the jury to consider the fact that appellant had a prior conviction in determining his credibility.

■ The next argument is that the trial court should have conducted a voluntariness hearing *sua sponte* in regard to statements made to police after his arrest. There was no argument below that the statements were made involuntarily, and at trial, it was defense counsel who first attempted to detail the statements appellant had made. Appellant now claims that because he told the police he did not want the statements recorded, they were involuntary. However, it appears that the police complied with that request, and the statements made to Officer Lynch and Detective Acosta were not recorded. Appellant cites us to no case law supporting the proposition that a trial court has a duty to conduct a voluntariness hearing *sua sponte* regarding post-arrest exculpatory statements. As the state points out, at trial appellant attempted to use the statements to exonerate himself and now, on appeal, claims that they were made involuntarily. Nothing in the record suggests the statements were involuntarily made. Appellant did not object to them at trial, and we cannot fault the trial court for not conducting a voluntariness hearing on its own volition.

Appellant's related argument that Detective Acosta's testimony that appellant did not want to be recorded violated his fifth amendment right to remain silent is of no moment because obviously appellant did not remain silent; he maintained his innocence in statements to the investigating officers and answered the officers' questions freely.

■ Lastly, appellant argues that the trial court improperly admitted Exhibit 3, a certified copy of a prison "pen pack," as a self-authenticating document pursuant to Ariz.R.Evid. 902, 17A A.R.S., to establish appellant's prior conviction. The state admits that Exhibit 3 may not have been properly admitted under Rule 902, but we agree with the state that it was admissible pursuant to Rule 901. The trial court's ruling, even though based incorrectly on another rule, will be affirmed if the trial court has reached a correct result. *State v. Carrillo*, 156 Ariz. 120, 750 P.2d 878 (App.1987), *modified on other grounds*, 156 Ariz. 125, 750 P.2d 883 (1988). Rule 901(a) allows the authentication requirement to be satisfied by evidence sufficient to support a finding that the matter is what the proponent claims it to be. The court is not to determine whether a document is authentic but only whether there is some evidence from which the trier of fact could conclude that it is authentic. M. Udall and J. Livermore, *Law of Evidence* § 111 (2d ed.1982). The sufficiency of the foundation for the authentication of a document is within the trial court's discretion. *State v. Washington*, 132 Ariz. 429, 646 P.2d 314 (App.1982). Here, sufficient evidence was presented for the trial court to have concluded that the document was in fact a Department of Corrections prison record. Appellant's name was on all the separate items in the exhibit; the fingerprints, physical description, and birth date matched appellant, as did the date of the prior offense. The trial court could have reasonably concluded that the exhibit was what the state proposed it was, that is, a record of appellant's prior conviction. The document was properly admitted. *State v. Moreno*, 128 Ariz. 33, 623 P.2d 822 (App.1980); *State v. Greer*, 118 Ariz. 349, 576 P.2d 1004 (App. 1978).

Our review of the record for fundamental error has revealed none. Therefore, the judgment of conviction and the sentence imposed are affirmed.

ROLL, P.J., and LACAGNINA, J., concur.