NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT LEON JONES, JR., *Appellant.*

No. 1 CA-CR 20-0081

FILED 11-10-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-000243-001
The Honorable Jay Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1        Robert Leon Jones, Jr., appeals his conviction and sentence for trafficking in stolen property (computer tablet) in the second degree, a Class 3 felony. Jones' counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that he found no arguable question of law that was not frivolous after a diligent search of the record. Jones was allowed to file a supplemental brief. He raised the following issues: (1) whether the superior court erred by allowing into evidence photographs of the victim's (Y.F.) computer tablet; and (2) whether the superior court erred by not issuing a *Willits* instruction *sua sponte* because the police returned the computer tablet to Y.F. before the defense could examine it for DNA or fingerprints. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Jones' conviction and sentence.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        In December 2016, someone broke into Y.F.'s home and stole her son's computer tablet. The device contained specialized software designed to assist autistic children with communication. It was worth $4680. Shortly after it was stolen, an individual approached Jones outside his apartment and sold Jones the tablet for 10-12 Oxycodone pills. At the time, Jones lived with Gloria Maria Taberez Villafana, whom he was dating and had a child. Jones looked up the tablet's value and decided to pawn it because they needed money for bills.

¶3        Villafana pawned the tablet at a pawnshop in Phoenix. Detective Michael Ross, with the Phoenix Police Department, identified the

---

[1]        We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

tablet by matching its serial number to the serial number provided by Y.F. Approximately one week later, Detective Ross took the tablet from the pawnshop and returned it to Y.F. In an interview with Detective Ross, Jones admitted he bought the tablet with Oxycodone. In August 2017, Villafana pled guilty to facilitation to commit trafficking in stolen property stemming from her crime involvement.

¶4        A grand jury indicted Jones on one count of trafficking in stolen property in the second degree, a Class 3 felony. As sentencing allegations, the State alleged: (1) historical, non-dangerous prior felony convictions under Arizona Revised Statutes ("A.R.S.") section 13-703, and (2) non-historical prior felony convictions not committed on the same occasion.

¶5        The superior court conducted a three-day jury trial. The court admitted several photographs of the computer tablet into evidence without objection. Y.F. identified the pictures as those she gave to Detective Ross. She recognized the tablet in the photographs as her son's using the serial number and specialized speaker attachment. Detective Ross testified, without an objection, that Jones admitted to buying the tablet.

¶6        Villafana testified that she alone was responsible for buying and selling the tablet because she needed money. She further testified that she and Jones shared bills, and they drove to the pawnshop together. Jones declined to testify. The jury found Jones guilty.

¶7        At the sentencing hearing, Jones admitted to his prior convictions. The court determined Jones was a category three repetitive offender under A.R.S. § 13-703(J) and sentenced him to nine years' imprisonment, with 286 days of presentence incarceration credit. Jones appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

A.    **The Superior Court Did Not Err Regarding the Issues Raised in Jones' Supplemental Brief.**

¶8        In his supplemental brief, Jones makes two arguments. First, he claims the superior court erred by allowing into evidence photographs of Y.F.'s tablet. He argues there was an inadequate foundation to introduce the photographs and related testimony because they were not properly authenticated. Second, Jones argues he was entitled to a *Willits* instruction because the police returned the tablet to Y.F. before he could examine it for

forensic evidence. *See State v. Willits*, 96 Ariz. 184, 191 (1964). Because Jones failed to raise these claims at trial, we only review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018).

### 1. The Court Did Not Err by Admitting Photographs of the Stolen Computer Tablet.

**¶9** We review the superior court's rulings on the admission of evidence for an abuse of discretion. *State v. Leteve*, 237 Ariz. 516, 523, ¶ 18 (2015). Under Arizona Rule of Evidence 901(b)(1), a proponent can establish a foundation for evidence through a witness's identification testimony. *State v. Emery*, 141 Ariz. 549, 551 (1984). Y.F.'s identification of the tablet photographs—which she gave to police—was sufficient foundation. Moreover, Jones' argument that a chain of custody must be shown to admit photographs is incorrect because the exhibits were personally identified according to Rule 901(b)(1). *Id.; State v. Steinle*, 239 Ariz. 415, 420–21, ¶ 25 (2016). Furthermore, despite Jones' claim that he did not have an opportunity to examine the photographs for authenticity,[2] Rule 901(b)(1) allows for authentication through witness identification. *State v. Haight-Gyuru*, 218 Ariz. 356, 358–59, ¶¶ 9–10 (App. 2008); *see also Lohmeier v. Hammer*, 214 Ariz. 57, 61, ¶ 8 (App. 2006). The photos were identified correctly, authenticated, and admitted.

**¶10** Jones further argues that the photographs should not have been admitted in place of the tablet itself. In support, he cites A.R.S. § 13-3941(A) and (C). Such arguments have been repeatedly rejected. *See State v. Bouillon*, 112 Ariz. 238, 240–42 (1975*); State v. Rose*, 121 Ariz. 131, 141 (1978). "To require the victim to endure the deprivation of his property from the date of the burglary to the completion of appellant's trial and appeal is adding insult to injury and when not necessary to the [prosecution] of the defendant should be avoided." *Bouillon*, 112 Ariz. at 241. Accordingly, we find no error, let alone fundamental error, in the court's decision to admit the photographs.

---

[2] Jones alleges the State did not disclose the photographs given to police by Y.F. However, the State's Notice of Disclosure gave him the opportunity to inspect the photographs held by police.

### 2. The Superior Court Did Not Err by Failing to Issue a *Willits* Instruction *Sua Sponte*.

¶11 When the police negligently fail to preserve potentially exculpatory evidence, a *Willits* instruction permits the jury to infer that the evidence would have been exculpatory. *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 62 (1999). "To be entitled to a *Willits* instruction, a defendant must prove: (1) that the state failed to preserve material evidence that was accessible and might tend to exonerate him, and (2) resulting prejudice." *Id.* A court's decision regarding a *Willits* instruction is reviewed for an abuse of discretion. *Id.; State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014); *State v. Leslie*, 147 Ariz. 38, 47 (1985).

¶12 Jones does not argue that forensic evidence on the tablet was itself potentially exculpatory. Instead, he argues that this evidence could have been used to challenge the tablet photographs' authenticity. Jones argues that DNA or fingerprints could have been used to confirm that the tablet listed in the complaint did not match Y.F.'s stolen computer tablet. Therefore, it could have been used to challenge the admissibility of the photographs.

¶13 It is unlikely that forensic evidence would have affected the admission of the photographs. Not only was the identification testimony of Y.F. sufficient for admission under Arizona Rule of Evidence 901(b)(1), Rule 901(b)(4) allows for authentication by looking at the "distinctive characteristics of the item." The photographs contained the tablet's distinctive serial number and unique speaker attachment, confirming it was Y.F.'s stolen tablet. Jones does not state how DNA or fingerprints would be used to challenge the photograph's authenticity considering the matching serial number and witness identification. Thus, the decision to admit the photographs under Rule 901 was in the superior court's discretion. *See State v. Thompson*, 166 Ariz. 526, 527 (App. 1990). Because the photographs would nevertheless have been admitted, Jones has not shown that forensic evidence affecting admissibility would have tended to exonerate him, nor that its absence prejudiced him. Moreover, our supreme court recently rejected a similar *Willits* argument. *See State v. Hernandez*, CR-19-0193-PR, 2020 WL 6278193, at *2, ¶ 11 (Oct. 27, 2020).

### B. We Find No Additional Arguable Issues.

¶14 We have read and considered counsel's brief and have reviewed the record for any additional arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶15** Jones was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Jones all of his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Jones' sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶16** We affirm Jones' conviction and sentence. After the filing of this decision, defense counsel's obligations pertaining to Jones' representation in this appeal will end after informing Jones of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

