Sheriff K. AZEEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–05–00539–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 2006.

Rehearing Overruled Oct. 12, 2006.

Alexander B. Wathen, Houston, for appellants.

Arthur Lonia Crumpton, Jr., Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

A jury convicted appellant for failure to appear for trial for a charge pending in municipal court and assessed punishment at a $400 fine. Appellant appealed his conviction in seven issues to the County Criminal Court at Law No. 12, and that court affirmed the judgment of the trial court. Appellant now appeals the same seven issues to this court, and we also affirm but for reasons different from those relied upon by the County Criminal Court.

## FACTUAL BACKGROUND

On June 19, 2003, police issued appellant a citation for speeding on the I–45 freeway in Houston, Texas. The citation included a written promise, indicated by appellant's signature, that he would appear in Municipal Court Number 15 on July 21, 2003 unless he made a prior payment for the violation. On July 21, the deputy clerk filed a certificate of defendant's failure to appear, verifying appellant did not appear as required by his citation. On the same day, the municipal court judge issued a warrant for appellant's arrest.

Appellant's cause for failure to appear was tried to a jury. The State presented two witnesses, Houston police officer Alejandro Maciel and Beverly Jones. Officer Maciel testified he issued appellant the citation and appellant signed it. Jones testified she is a municipal court supervisor and is the custodian of records for the court. Appellant presented no witnesses. After deliberating for ten minutes, the jury returned a verdict of guilty and assessed punishment at a $400 fine.

## DISCUSSION

Appellant first asserts three issues concerning the motion to quash the complaint. Next, appellant makes two evidentiary complaints regarding State's exhibits one, two, and three. Finally, appellant complains the trial court erred in denying his motion for an instructed verdict and in

sustaining the State's objections to his closing argument.

### I. Complaint

Issues one, two, and three concern the complaint. Appellant contends the court erred in denying the motion to quash because (1) it was unclear from the complaint under which statute appellant was charged, (2) he cannot be charged under the Penal Code when there is a more specific offense for failure to appear for traffic offenses under the Transportation Code, and (3) the city ordinance is preempted by State law. In appellant's points of error, he asserts he was denied due process and was denied the right to know with what offense he was charged in order to prepare his defense. We address appellant's issues regarding the complaint as a group, and we overrule those issues because the complaint gave appellant sufficient notice of the charged offense. As we discuss herein, the charge in the complaint was clear, the Transportation Code includes all enumerated elements, and a charge for failure to appear under the Penal Code and the same charge under the Transportation Code are not irreconcilably in conflict. We need not specifically address appellant's third issue because the face of the complaint does not charge appellant under the city ordinance.

### A. Standard of Review

■■■■ We review the decision to grant a motion to quash under an abuse of discretion standard. *See Thompson v. State,* 44 S.W.3d 171, 174 (Tex.App.-Houston [14th Dist.] 2001, no pet.). A trial court abuses its discretion if it acts without reference to guiding rules and principles, or acts arbitrarily or unreasonably. *Id.* A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny him effective notice of the acts he allegedly committed. *DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex.Crim.App.1988).

■■■■ To survive a timely motion to quash, the complaint must, on its face, contain allegations of the facts necessary to show the offense was committed, to bar subsequent prosecution for the same offense, and to give the defendant notice of the precise offense with which he is charged. *Crum v. State,* 946 S.W.2d 349, 359 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd) (analyzing a motion to quash an indictment). Upon review, we must first determine if the notice given is sufficient. *Id.* If it is, the inquiry ends; if not, we must examine the record to determine the impact of the deficiency on appellant's defense. *Id.*

The complaint at issue recites the following:

Failure to Appear (Custody)

In the name and by the authority of the State of Texas:

I, the undersigned affiant, do solemnly swear that I have good reason to believe, and do believe that Azeez, Sheriff K, hereinafter called Defendant, heretofore, on or about the 21st, [sic] day of July A.D., 2003, and before making and filing of this complaint, within the incorporated limits of the City of Houston, County of Harris and State of Texas, did then and there unlawfully and knowingly fail to appear in Municipal Court Number 15 of the City of Houston, Texas at 6:00 PM in accordance with the terms of his release after having been lawfully released from custody on condition that he subsequently appear in said court.

Against the peace and dignity of the State:

Affiant:

Subscribed and sworn before me by affiant this date: July 21, 2003:

Signed by Deputy Clerk, Municipal Court, Houston, Texas and Seal Affixed

A complaint is a sworn allegation charging the accused with the commission of an offense in justice and municipal courts. TEX. CODE CRIM. PROC. ANN. art. 45.018(a) (Vernon Supp.2006). A complaint is sufficient if it (1) is in writing, (2) commences with "In the name and by the authority of the State of Texas," (3) states the name of the accused or a reasonably definite description of the accused, (4) shows the accused has committed an offense against the law of the state, (5) states the date of the offense, (6) bears the signature or mark of the affiant, and (7) concludes with the words, "Against the peace and dignity of the State," and if the defendant is charged with violation of a city ordinance, may also conclude with the words, "Contrary to the said ordinance." TEX. CODE CRIM. PROC. ANN. art. 45.019(a) (Vernon Supp.2006). A complaint filed in municipal court must also allege the offense was committed in the territorial limits of the municipality, and be sworn to before the municipal judge, clerk or deputy clerk of the court, city secretary, or city attorney or deputy city attorney. TEX. CODE CRIM. PROC. ANN. art. 45.019(c), (e).

**B. Appellant received sufficient notice of the charges alleged against him**

Appellant first contends the trial court erred in denying the motion to quash because it is unclear from the complaint under which statute he was charged. Appellant argues he was actually charged under the Penal Code section 38.10 rather than City of Houston ordinance 16–47. Alternatively, appellant suggests he should have been charged under the Transportation Code. At trial, the prosecutor alleged appellant was charged under the city ordinance.

A crime must be alleged in the charging instrument with enough specificity and clarity that the defendant can identify the penal statute under which the State intends to prosecute. See Duron v. State, 956 S.W.2d 547, 550–51 (Tex.Crim. App.1997); Motherwell v. State, No. 05–99–00649–CR, 2000 WL 1240005, at *2 (Tex.App.-Dallas Aug. 31, 2000, no pet.) (not designated for publication) (applying the rules for indictments and informations to complaints). Appellant complains the State did not use enough specificity. The statutory requirements do not require the complaint to specifically identify the statute or ordinance with which the defendant is being charged. See generally TEX. CODE CRIM. PROC. ANN. art. 45.019. A charging instrument must, however, contain on its face every element of the offense that must be proven at trial. See Dinkins v. State, 894 S.W.2d 330, 338 (Tex. Crim.App.1995); DeVaughn, 749 S.W.2d at 67; Thompson, 44 S.W.3d at 176–77. If the charging instrument is sufficient to put a defendant on notice and not deprive him of his ability to prepare his defense, then there is no harm. See Smith v. State, 873 S.W.2d 66, 72 (Tex.App.-Tyler 1993, pet. ref'd).

**1. The State charged appellant under the Transportation Code**

Under Transportation Code section 543.009, a person may be charged with failure to appear for willfully violating a written promise to appear in court, as provided by the details in the remainder of the subchapter. See TEX. TRANSP. CODE ANN. § 543.009 (Vernon 1999); Berrett v. State, 152 S.W.3d 600, 606–07 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd) (outlining the arrest and charging procedures of chapter 543). The remainder of the subchapter provides that a person may be released from custody on condition that he promises in writing to

appear in court at a later date. *See* TEX. TRANSP. CODE ANN. § 543.005 (Vernon Supp.2005). This procedure is specifically required when the accused is charged with a speeding violation. *See* TEX. TRANSP. CODE ANN. § 543.004 (Vernon Supp.2005). The elements of the complaint require the State to prove appellant (1) knowingly failed to appear (2) in Municipal Court Number 15(3) of the City of Houston, Texas (4) at 6:00 P.M. (5) in accordance with the terms of his release (6) on condition that he subsequently appear. With the exception of the *mens rea* element, the elements enumerated in the complaint are found in the Transportation Code.

The *mens rea* element in the complaint and the Transportation Code differ, but section 6.02 of the Penal Code resolves the issue. The complaint alleges knowing conduct, and the Transportation Code requires willful conduct. This difference serves as appellant's next argument in favor of the contention that he should have been charged under the Transportation Code. Appellant argues the Transportation Code requires a higher culpable mental state, "willfully," while the complaint alleges only "knowing" conduct, and if he had been charged under the Transportation Code, the State would have been held to a higher burden, which he alleges it could not meet.

The State contends it may not allege an offense under the Transportation Code because "willfully" is not inclusive of the required *mens rea* classifications, and any such charge would be fundamentally defective. *See* TEX. PENAL CODE ANN. § 6.02(d) (Vernon Supp.2005) (reciting culpable mental states as intentional, knowing, reckless, and criminal negligence). The State is partially correct. The term "willfully" is not sufficient to prescribe any specific culpable mental state because it is impossible to determine which of the four prescribed culpable mental states set forth by the statute is embraced by this word. *Bocanegra v. State*, 552 S.W.2d 130, 132 (Tex.Crim.App.1977). By utilizing "willfully" as its purported culpable mental state, the statute, however, does not become fundamentally defective.

 If a statute is silent about a culpable mental state, we must determine whether the statute plainly dispenses with a culpable mental state. *See Aguirre v. State*, 22 S.W.3d 463, 470–77 (Tex.Crim. App.1999); *Thompson*, 44 S.W.3d at 177. In making this determination, a court considers factors such as whether the statute affirmatively states the conduct is a crime done without fault, legislative history, intent to dispense with a culpable mental state as manifested by other features of the statute, the language of the statute, classification of the offense as *malum in se* or *malum prohibitum*, and the subject of the statute. *Aguirre*, 22 S.W.3d at 471–75. Here, the statute is not literally silent; rather, the statute uses a word outside the category of culpable mental states permitted by section 6.02. Use of "willfully" does not clearly dispense with a culpable mental state such that a violation of the statute would hold someone strictly liable for the violation. *See Bocanegra*, 552 S.W.2d at 132 (recognizing use of the term willfully does not clearly dispense with any mental element). Therefore, because some culpable mental state is required, either intent, knowledge, or recklessness become a necessary part of the offense. *Id.; see* TEX. PENAL CODE ANN. § 6.02(c) (requiring culpable mental states of either intent, knowledge, or recklessness when an offense does not prescribe a mental state). Because "knowingly" was the culpable mental state utilized in the complaint, the complaint contained the necessary ele-

ments for a charge under the Transportation Code.

## 2. The State did not charge appellant under the city ordinance

■ Appellant suggests the State should be bound to proceed against him under the city ordinance because the prosecutor declared its intent to do so during the hearing on the motion to quash. Section 16–47 of the City of Houston Municipal Code prohibits (1) knowingly failing to appear for trial (2) on any charge pending in municipal court. *See* HOUSTON, TEX. ORDINANCES § 16–47. The complaint recites additional elements other than those required by the city ordinance, including proof appellant had previously been released from custody on condition that he appear at a later date in accordance with the terms of his release.

■ The complaint also does not conclude with the words, "Contrary to the said ordinance," as may be included if appellant was charged with violation of a city ordinance; rather, the complaint only concludes with the words, "Against the peace and dignity of the State." *See* TEX. CODE CRIM. PROC. ANN. art. 45.019(a)(7). The phrase, "Contrary to the said ordinance," is permissive, as indicated by the words "may also conclude." This phrase alone does not indicate the complaint charged appellant under another penal statute, rather than the city ordinance, but when combined with the elements required by the city ordinance and those included in the complaint, appellant presents a reasonable argument that the State did not actually proceed against him under the city ordinance.[1] Such a result, however, does not require reversal because, as we discussed previously, the face of the

complaint gave appellant adequate notice to prepare for his defense and identified the Transportation Code as the applicable penal statute. *See Opdahl v. State,* 705 S.W.2d 697, 699 (Tex.Crim.App.1986) (recognizing notice and the ability to prepare a defense as necessary first steps when considering the validity of a motion to quash).

## 3. The State did not charge appellant under the Penal Code

■ In support of his argument that the State would be held to a higher burden under the Transportation Code, appellant alleges the Transportation Code is more specific than the Penal Code, creating an irreconcilable conflict. Appellant's argument relates to the rule of *pari materia,* a principle of statutory interpretation to give full effect to legislative intent. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005); *Mills v. State,* 722 S.W.2d 411, 413 (Tex.Crim.App.1986). Two statutes are in *pari materia* if they deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, even though they contain no reference to each other, and though they were passed at different legislative sessions. *Cheney v. State,* 755 S.W.2d 123, 126 (Tex. Crim.App.1988).

Section 38.10 of the Penal Code applies to persons who are in custody pursuant to a court order. Section 38.10(a), entitled "Bail Jumping and Failure to Appear," provides: "A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the

---

1. We need not specifically address appellant's third issue pertaining to preemption of the city ordinance because we conclude the face

of the complaint did not charge appellant under the city ordinance.

terms of his release." TEX. PENAL CODE ANN. § 38.10(a) (Vernon 2003). All the elements of section 38.10 are included in the complaint, but the definition of custody in this chapter specifically limits section 38.10 to those situations when a person is under arrest pursuant to a court order of this state or another state or when a person is under restraint by an agent or employee of a facility, such as a jail or prison. *See* TEX. PENAL CODE ANN. § 38.01(1) (Vernon 2003). Appellant's charge for failure to appear arises from a traffic violation. A person may be arrested for a traffic violation without a warrant or court order because a violation of traffic laws constitutes probable cause to arrest. TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999); *see e.g., Snyder v. State*, 629 S.W.2d 930, 934 (Tex.Crim. App.1982) (arresting defendant for failure to produce a valid driver's license). Therefore, the class of persons to which Chapter 38 of the Penal Code and Chapter 543 of the Transportation Code are intended to apply is not the same. Accordingly, a charge for failure to appear under the Penal Code and the same charge under the Transportation Code are not in irreconcilable conflict.

We hold the trial court did not err in denying the motion to quash the complaint because the complaint gave appellant sufficient notice of the acts he allegedly committed. Accordingly, we overrule issues one, two, and three.

## II. State's Exhibits

In issues four and five, appellant contends the trial court erred in overruling his objections to State's exhibits one, two, and three (1) on authentication, hearsay, and the confrontation clause grounds and (2) because taking judicial notice was improper and violated the confrontation clause. Appellant preserved error on all grounds he asserts. During trial, the State offered exhibits one, two, and three into evidence and requested the trial court take judicial notice of the documents. The exhibits include (1) a speeding citation, (2) a warrant of arrest, and (3) a clerk's certificate for failure to appear. The trial court admitted the exhibits as business records and also took judicial notice of them. We review the trial court's evidentiary ruling under an abuse of discretion standard. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997).

### A. Authentication and Confrontation

■ Appellant argues the State's exhibits lacked authenticity because they failed to meet the self-authentication requirements of Texas Rule of Evidence 902(10). *See* TEX. R. EVID. 902(10). Rule 803(6) provides a hearsay exception for evidence of business records to be admitted if it is properly authenticated. *See* TEX. R. EVID. 803. Rule 902(10) applies to business records and requires the proponent of the exhibit to file the records, accompanied by affidavit, and serve notice to other parties at least fourteen days in advance. *See* TEX. R. EVID. 902(10). Here, the State failed to meet the self-authentication requirements of this rule; however, record evidence may be authenticated under *either* Rule 901 or 902. *Reed v. State*, 811 S.W.2d 582, 586 (Tex.Crim. App.1991).

Rule of Evidence 901 provides for authentication or identification as a condition precedent to admissibility to be satisfied by extrinsic evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex.Crim.App.1998). Rule 901(b) lists several non-exclusive examples of how authenticity may be accomplished. TEX. R. EVID. 901(b); *Angleton*, 971 S.W.2d at 67. Rule 901(b)(1) specifically

permits testimony by an identifying witness with personal knowledge to attest to the document's authenticity. TEX. R. EVID. 901(b)(1). At trial, Beverly Jones testified she is a municipal court supervisor in the court clerk's office. She testified she is the custodian of the records, and these exhibits are the types of records kept in the regular course of business at the court. The State satisfied the hearsay exception and authentication requirements of the rules of evidence.

■■■■■ Appellant also argues these documents violated his confrontation rights. The procedural guarantee of the Sixth Amendment bars the admission of testimonial statements of a witness who does not appear at trial, unless the witness is unavailable to testify and the defendant had an opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004). Whether a statement is testimonial under *Crawford* is determined by the standard of an objectively reasonable declarant standing in the shoes of the actual declarant. *See Wall v. State*, 184 S.W.3d 730, 742 (Tex.Crim.App.2006). A statement is testimonial if it is a solemn declaration made for the purpose of establishing some fact. *Russeau v. State*, 171 S.W.3d 871, 880 (Tex.Crim.App.2005). Generally, business records are non-testimonial. *See Crawford*, 541 U.S. at 56, 124 S.Ct. at 1367. Although a document is classified as a business record, it can still be testimonial in nature and violate an appellant's confrontation rights. *See Russeau*, 171 S.W.3d at 880–81. If we find these documents are not testimonial in nature, then there is no *Crawford* violation. *See Ford v. State*, 179 S.W.3d 203, 209 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd), *petition for cert. filed*, ——— U.S.L.W. ——— (U.S. July 25, 2006) (No. 06–5574).

The State sought to introduce its exhibits under the business records hearsay exception, rather than the public records hearsay exception. The exhibits admitted in this case included the traffic citation, the warrant of arrest signed by the judge of the municipal court, and a deputy clerk's certificate of appellant's failure to appear at trial for his speeding citation. First, the traffic citation shows appellant was cited for speeding and signed the ticket, thereby promising to appear in court at a later date. Second, the warrant of arrest shows the judge of the municipal court signed a warrant commanding any peace officer to arrest appellant and bring him before the court. Third, the clerk's certificate is a document signed by the deputy clerk of the court affirming that on the day appellant's speeding citation came to trial, he did not appear or answer in the courtroom.

This court in *Ford* held sterile recitations of an appellant's offenses and punishments found in prison disciplinary reports were not testimonial in nature. *Ford*, 179 S.W.3d at 209. The exhibits challenged here reflect the same sterility as those in *Ford*. The exhibits are forms used by the Houston courts that record the occurrence of an event. Moreover, appellant has failed to offer, and we have not found, any authority or reasoning to transform these documents into testimonial statements. The admission of the State's exhibits did not violate appellant's confrontation rights.

Accordingly, we overrule appellant's fourth issue on appeal.

**B. Judicial Notice**

■■■ In his fifth issue, appellant argues the trial court erred in taking judicial notice of State's exhibits two and three, the arrest warrant and clerk's certificate. Texas Rule of Evidence 201 governs judicial notice and provides for a trial court to take judicial notice of adjudicative facts

not subject to reasonable dispute. *See* TEX. R. EVID. 201(a), (b); *Garza v. State,* 996 S.W.2d 276, 279 (Tex.App.-Dallas 1999, pet. ref'd). A judicially noticed fact is not subject to reasonable dispute if it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resorting to resources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b); *see Gonzales v. State,* 723 S.W.2d 746, 751 (Tex.Crim.App.1987). Rule 201 entitles a party to be heard as to the propriety of taking judicial notice and the tenor and matter noticed. TEX. R. EVID. 201(e). Rule 201 also mandates the court instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed. TEX. R. EVID. 201(g).

A trial court may also take judicial notice of its own orders, records, and judgments rendered in cases involving the same subject matter and between practically the same parties. *Wilson v. State,* 677 S.W.2d 518, 523 (Tex.Crim.App. 1984). A court may not take judicial notice of records of another court. *Turner v. State,* 733 S.W.2d 218, 222 (Tex.Crim.App. 1987). The trial court seems to reason it could take judicial notice of the State's exhibits because they were part of the Houston municipal court system's records. That reasoning fails logically. For a trial court to take judicial notice of its own records, the records must exist in that particular court. The State's exhibits may be part of the records of the Houston municipal courts system and Municipal Court Number 15, but they are not part of the records of Municipal Court Number 8, the trial court hearing the failure to appear action under cause number F228743. By using the reasoning employed by the trial court, it could effectively take judicial notice of records of any other trial court within the system of Houston municipal courts. We disagree with this interpretation and hold the trial court erred when it took judicial notice of these exhibits.

Even though the trial court incorrectly took judicial notice of the State's exhibits, appellant was not harmed by this error. *See* TEX. R. APP. P. 44.2(b). When a trial court takes judicial notice of adjudicative facts, it authorizes the jury to accept the facts as true without requiring formal proof. *Watts v. State,* 99 S.W.3d 604, 609–10 (Tex.Crim.App.2003). Judicial notice serves as a convenience by eliminating the need for the parties to argue facts where no controversy exists. *See id.* at 610. Having taken judicial notice of State's exhibits two and three, Rule 201 requires the trial court in a criminal case to instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed. TEX. R. EVID. 201(g). The trial court neither gave such an instruction to the jury, nor told the jury it took judicial notice at all.

The trial court made its ruling out of the hearing of the jury. The jury was not told by the court or anyone else that the court had taken judicial notice of these exhibits. The jury did not know that by taking judicial notice of those documents, the trial court was telling them they could consider them as conclusive proof of facts contained therein. Besides taking judicial notice of the State's exhibits, the trial court admitted them into evidence as business records. Because the jury was never told about the judicial notice, the jury only considered these exhibits as they would any other exhibit before them, and when considering them, the jury returned its verdict within ten minutes. For these reasons, appellant suffered no harm as a result of the trial court's erroneous ruling. Thus, we overrule appellant's fifth issue.

### III. Instructed Verdict

In issue six, appellant contends the trial court erred in denying his motion for an instructed verdict because the evidence produced by the State was insufficient to sustain a conviction. Appellant claims the issues not supported by sufficient evidence include: (1) appellant failed to appear for a trial setting; (2) appellant knowingly failed to appear; (3) the acts were committed in Houston, Harris County, Texas; and (4) Houston Municipal Court No. 15 is located in Houston, Harris County, Texas.

A challenge to a trial court's denial of a motion for an instructed verdict is actually a challenge to the legal sufficiency of the evidence to support the conviction. *Myles v. State*, 946 S.W.2d 630, 636 (Tex. App.-Houston [14th Dist.] 1997, no pet.). When reviewing the legal sufficiency of the evidence, we view all the evidence in a light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We must determine whether a rational trier of fact could have found from the evidence every element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Myles*, 946 S.W.2d at 636. The jury, as the sole judge of the credibility of the witnesses, chooses whether or not to believe all or part of a witness's testimony. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993); *Harris v. State*, 164 S.W.3d 775, 784 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). Thus, if there is evidence establishing guilt beyond a reasonable doubt, we are not authorized to reverse the judgment on sufficiency of the evidence grounds.

The elements of the complaint, according to the Transportation Code, require the State to prove appellant (1) knowingly failed to appear (2) in Municipal Court Number 15 (3) of the city of Houston, Texas (4) at 6:00 P.M. (5) in accordance with the terms of his release (6) on condition that he subsequently appear. *See* TEX. TRANSP. CODE ANN. § 543.009(b). The State provided testimony from the officer who gave appellant the speeding citation that appellant was issued the citation and signed it. By signing the citation, appellant promised to appear in Municipal Court Number 15 at 6:00 P.M. on July 21, 2003. The terms of his release from custody were written on the citation and allowed appellant to be released by the officer on condition that he appear as required. Appellant received a copy of the citation. The State also presented the arrest warrant and clerk's certificate showing appellant did not appear for trial on July 21. Additionally, the citation, arrest warrant, and clerk's citation each indicate the location of the trial court was in Houston, Texas. Although, no witness specifically testified about that fact, the exhibits each reflect the location of Municipal Court Number 15 was in Houston, Texas. Further, the specific location in Houston, Texas where appellant was cited for speeding is written on the citation itself. The forgoing evidence is sufficient for a rational jury to find appellant knowingly failed to appear for trial as required by the citation issued by police. Therefore, the trial court did not err in overruling appellant's motion for an instructed verdict. We overrule appellant's sixth issue.

### IV. Appellant's Closing Argument

In issue seven, appellant contends the trial court erred in sustaining the State's objections to appellant's closing argument for arguing outside the record.

This issue, in the context raised by appellant, is one not readily addressed on appeal. More often, a defendant appeals the overruling of his objection to a State's argument. Here, appellant appeals the denial of his counsel's ability to argue to the jury. *See, e.g., Allen v. State*, No. 08–00–00442–CR, 2002 WL 1481294, at *10–12 (Tex.App.-El Paso July 11, 2002, pet. ref'd) (not designated for publication) (analyzing State's objection to defense jury argument).

■■■■ Proper jury argument must fall within one of four general categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex.Crim.App. 1999). If a trial court erroneously excluded proper argument that effectively prevented appellant from presenting his theory of the case to the jury, reversal is appropriate. *Allen*, 2002 WL 1481294, at *10.

Appellant specifically claims his closing argument was limited when the trial court sustained the State's objections to appellant's arguments about (1) the reliability of the signatures on State's exhibits two and three and (2) the possibility appellant was in the hospital and could not have knowingly failed to appear. Appellant provides no citation to the record where any evidence about the signatures on the exhibits or appellant's excuse for not appearing at his trial was admitted into evidence. Appellant only argues he is entitled to argue reasonable inferences from documentary evidence.

■■■ After reviewing the record and appellant's attempted arguments to the jury, we will assume, for purposes of argument, that the trial court erred in sustaining the State's objections to appellant's argument to the jury. In doing so, we hold appellant did not suffer harm to warrant reversal. A criminal conviction should not be overturned unless after examining the entire record, we determine the error may have had a substantial influence on the outcome of the trial, and the jury's verdict was probably adversely affected by the error. TEX. R. APP. P. 44.2(b); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex.Crim.App.2002). In determining if harm exists, we should consider overwhelming evidence of guilt. *Motilla*, 78 S.W.3d at 357. Any alleged error that does not affect appellant's substantial rights must be disregarded. TEX. R. APP. P. 44.2(b).

During the remainder of appellant's closing argument, he argued the State could not prove knowing conduct on appellant's part because nothing in the documentary evidence proves appellant's motivations, and he argued the State presented no other evidence about appellant's conduct. We disagree with this argument because knowing conduct could be inferred from the police officer's testimony that he gave appellant a copy of the citation, which included appellant's signature signifying appellant's written promise to appear on July 21 which he failed to do. This is a simple case. The State did not have to put on a great deal of evidence to prove the elements of this offense. As previously discussed, the documentary evidence and the police officer's testimony provided overwhelming evidence of appellant's guilt. Accordingly, we overrule appellant's seventh and final issue.

## CONCLUSION

Having considered and overruled each of appellant's issues on appeal, we affirm the judgment of the county court at law.