COMMONWEALTH *vs.* JIMMY CRAPPS, JR. No. 04-P-827. October 3, 2005. *Constitutional Law,* Confrontation of witnesses. *Practice, Criminal,* Confrontation of witnesses. *Evidence,* Business record, Certificate of drug analysis, Prior conviction.

The defendant was convicted in the Superior Court of distribution of a class B substance, second offense, in violation of G. L. c. 94C, § 32A. The charges arose out of an undercover purchase of cocaine in Springfield in November, 2001. In support of the distribution charge, Officer Felix Aguire of the Springfield police department testified that he seized a substance from the defendant and forwarded it to a laboratory at the University of Massachusetts for analysis. The substance was introduced in evidence, as was a certificate of analysis obtained pursuant to G. L. c. 111, § 13, indicating that the substance was cocaine.[1]

After the defendant was convicted of the underlying drug distribution offense, the Commonwealth proceeded to trial on the second offense portion of

---

[1]General Laws c. 111, § 13, as amended by St. 1981, c. 700, § 2, provides, in relevant part, "[t]he analyst or an assistant analyst of the department [of public health]

the indictment and introduced in evidence a copy of a criminal docket sheet showing the defendant's prior conviction for drug distribution. This criminal record was certified pursuant to G. L. c. 233, § 76.[2]

In this appeal, the defendant claims that both the drug certificate of analysis and the record of prior conviction were erroneously admitted in light of *Crawford* v. *Washington*, 541 U.S. 36 (2004).

In *Commonwealth* v. *Verde*, 444 Mass. 279, 280 (2005), the court held that "a drug certificate [pursuant to G. L. c. 111, § 113,] is akin to a business record and the confrontation clause is not implicated by this type of evidence." That decision controls the defendant's first claim, and we hold that the defendant's second claim is also controlled by *Commonwealth* v. *Verde, supra*, as we conclude that a record of prior conviction, certified pursuant to G. L. c. 233, § 76, is "this type of evidence," and similarly beyond the prohibition of *Crawford* v. *Washington, supra*.[3]

*Judgment affirmed.*

*Mark W. Helwig* for the defendant.

*Thomas H. Townsend*, Assistant District Attorney, for the Commonwealth.

---

or of the University of Massachusetts medical school shall upon request furnish a signed certificate, on oath, of the result of the analysis."

[2]General Laws c. 233, § 76, provides that copies of documents in any department of the Commonwealth "authenticated by the attestation of the officer who has charge of the same, shall be competent evidence in all cases equally with the originals thereof."

[3]At least one other jurisdiction has decided that because authors of prior conviction records are not witnesses against criminal defendants, an attestation of a conviction record's veracity is not "testimonial" under *Crawford*. See *People* v. *Shreck*, 107 P.3d 1048, 1060-1061 (Colo. Ct. App. 2004).