IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2005-0256 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| STEVEN JAMES KING, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20044522

Honorable Michael Cruikshank, Judge

AFFIRMED

---

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Cassie Bray Woo                             Phoenix
                                        Attorneys for Appellee

Daniel F. Davis                                             Tucson
                                        Attorney for Appellant

---

V Á S Q U E Z, Judge.

¶1 Steven James King appeals from his convictions for aggravated driving under the influence of an intoxicant (DUI) on a suspended license, aggravated driving with an alcohol concentration of .08 or more on a suspended license, aggravated DUI with two or more prior DUI convictions, and aggravated driving with an alcohol concentration of .08 or more with two or more prior DUI convictions.

¶2 The central issue on appeal is whether the admission of records of King's prior convictions without testimony and Motor Vehicle Department (MVD) records of his license suspension violated his rights under the Confrontation Clause of the Sixth Amendment[1] as explained in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). We hold that the records are nontestimonial under *Crawford* and are admissible under the public and business records exceptions to the hearsay rule. Their admission, therefore, did not violate King's Confrontation Clause rights. This court has jurisdiction pursuant to A.R.S. § 12-120.21(A)(1).

**Facts and Procedural Background**

¶3 The facts are not in dispute. King was stopped after a police officer saw him driving erratically. During the stop, officers observed his eyes were watery and bloodshot, his face was flushed, he swayed as he stood, he staggered as he walked and smelled of

---

[1]The Confrontation Clause guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him." U.S. Const. amend. VI.

intoxicants, and his speech was slurred.  An officer administered two breath tests; the first showed King had a breath alcohol concentration of .209, and the second .211.

¶4        Prior to trial, King moved to suppress the evidence of his prior convictions and the MVD records of his license suspension on the ground their admission would violate his rights under the Confrontation Clause. The trial court denied the motion following an evidentiary hearing.  At trial, the court admitted records of King's two prior DUI convictions over his additional objection that one set of records was not properly authenticated and the other did not identify the offense of which he had been convicted.  The trial court also denied King's motion to strike the testimony about the results of his breath tests, made on the ground the tests had not been properly administered.  The jury returned guilty verdicts on all counts.  The trial court suspended the imposition of sentence and placed King on a ten-year term of probation conditioned on a four-month term of imprisonment.

## Discussion

### I.  Authenticity of Prior Conviction Records

¶5        King argues the trial court erred by admitting over his objection records of his prior DUI convictions, one from the Marana Municipal Court and the other from the Cochise County Justice Court.  The records were admitted without testimony as certified copies of public records, *see* Rule 902(4), Ariz. R. Evid., 17A A.R.S., and constituted the sole evidence of King's two prior DUI convictions—an essential element of both counts three and four of the indictment.  *See* A.R.S. § 28-1383(A)(2).

3

¶6        We first address King's contention the Marana conviction records were not self-authenticating because they did not include an attestation[2] or certification "[c]ommon to all forms of authentication under Rule 902 of the Arizona Rules of Evidence."[3]  King asserts the records were admitted as certified public records "presumably under Rule 902(4)," but they do not bear the certification required under that rule.  Rule 902(4) provides:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> (4) **Certified copies of public records.**  A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any applicable statute or rule.

¶7        We review a trial court's ruling on the admissibility of evidence for a clear abuse of discretion.  *State v. Tankersley*, 191 Ariz. 359, ¶ 37, 956 P.2d 486, 496 (1998).

---

[2]At trial, King implicitly acknowledged that the first page of the Marana records contained the clerk's signature.  But he argued Rule 902 "speaks of . . . attestation of specific documents and not . . . simply a whole collection of documents that are stapled together."  The trial court concluded that the records contained a proper attestation.

[3]If King's Rule 902 argument is correct, there is no need to address his constitutional argument.  *See State v. Korzuch*, 186 Ariz. 190, 195, 920 P.2d 312, 317 (1996).

But "[w]e review *de novo* the interpretation of statutes and rules." *State v. Williams*, 209 Ariz. 228, ¶ 30, 99 P.3d 43, 50 (App. 2004).

**¶8**        The Marana conviction records were attached to a cover letter from the Clerk of the Marana Municipal Court in which she stated that she had searched the court's computer records under the name the deputy county attorney had given her and had found the attached documents. Because the records produced by the clerk did not include the certification required by Rule 902(4), we agree they were not self-authenticating under that rule. But they were properly authenticated under Rule 901(b)(7), Ariz. R. Evid., 17A A.R.S. And we will uphold a trial court's ruling if the court reached the correct result even though based on an incorrect reason. *State v. Thompson*, 166 Ariz. 526, 527, 803 P.2d 937, 938 (App. 1990) ("The trial court's ruling, even though based incorrectly on another rule, will be affirmed if the trial court has reached a correct result.").

**¶9**        "[A]n authenticity objection questions the form in which the evidence is presented." *State v. Stotts*, 144 Ariz. 72, 81-82, 695 P.2d 1110, 1119-20 (1985). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Ariz. R. Evid. 901(a), 17A A.R.S.; *see also State v. Lavers*, 168 Ariz. 376, 386, 814 P.2d 333, 343 (1991). Rule 901(b) provides illustrations of authentications which conform with the requirements of the rule. Illustration 7 states:

> (7) Public records or reports. Evidence that a writing
> authorized by law to be recorded or filed and in fact recorded

5

or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

¶10      In her cover letter responding to the deputy county attorney's written request for King's conviction records, the Marana clerk stated she had searched the court's records under the name provided to her, Steven James King, and the records she produced were the court's records for that individual. The records produced by the clerk consisted of a copy of an Arizona traffic ticket and complaint, a plea agreement, a signed waiver of jury trial form, and the minute entries from the change-of-plea proceeding and sentencing. *See* Ariz. R. Crim. P. 26.16(b), 17 A.R.S. (The court or person authorized by the court is required to enter the exact terms of judgment and sentence in court's minutes.).

¶11      The trial court could have reasonably concluded that the records were what the state said they were, that is, a record of King's prior conviction in the Marana Municipal Court. *Thompson*, 166 Ariz. at 527, 803 P.2d at 938 (prison "pen pack" properly admitted under Rule 901 as evidence of what state said it was—a record of appellant's prior conviction).

> The judge does not determine whether the document is authentic, only whether there is some evidence from which the trier of fact could reasonably conclude that it is authentic. Once admitted, the opponent is still free to contest the genuineness or authenticity of the document, and the weight to be given the document becomes a question for the trier of fact.

6

*State v. Irving*, 165 Ariz. 219, 223, 797 P.2d 1237, 1241 (App. 1990).[4] We find no abuse of discretion in the trial court's admission of the Marana conviction records. *See Stotts*, 144 Ariz. at 82, 695 P.2d at 1120; *State v. Wooten*, 193 Ariz. 357, ¶¶ 57-58, 972 P.2d 993, 1004 (App. 1998).

¶12        King challenges the admission of the Cochise County conviction records on different grounds.  He asserts that, "[t]hough . . . properly authenticated," the Cochise County records cannot be considered a judgment because they "did not identify the offense for which [he] suffered a conviction." He also claims that deficiency violates Rule 26.16(b), Ariz. R. Crim. P.  We disagree.

¶13        Rule 26.16(b) merely requires a trial court or authorized person to "enter the exact terms of the judgment and sentence in the court's minutes."  It does not dictate the form of a written judgment or provide rules on the admissibility of conviction records. Therefore, we find no violation of Rule 26.16(b) and no impediment based on that rule to the admission of the Cochise County conviction records.

¶14        Moreover, contrary to King's assertion, the judgment does identify the offense for which King was convicted.  Immediately below the words "Judgment and Sentence" are the following: "Offense: 28-1381 A1," and "Classification: DUI." We find immaterial the

---

[4]King did not challenge the reliability of the Marana records on hearsay grounds. "A hearsay objection concerns the reliability of evidence itself; an authenticity objection questions the form in which the evidence is presented." *State v. Stotts*, 144 Ariz. 72, 81-82, 695 P.2d 1110, 1119-20 (1985).

fact this information was not restated in the lower portion of the form after the words: "IT IS THE JUDGMENT of the Court that the Defendant is guilty of the following crime(s)." Despite that omission, the judgment clearly identifies King's offense. We find no abuse of discretion in the trial court's admission of the Cochise County judgment.

## II. Confrontation Clause

¶15          King next argues the trial court violated his Sixth Amendment right to confront witnesses against him by admitting, without testimony, the records of his prior convictions and, with testimony by the custodian of records, MVD records showing his driver's license had been suspended.[5]   Although we ordinarily review a trial court's ruling on the admissibility of evidence for an abuse of discretion, "we conduct a *de novo* review of challenges to admissibility under the Confrontation Clause." *State v. King*, 212 Ariz. 372, ¶ 16, 132 P.3d 311, 314 (App. 2006).

¶16          The state asserts that King's "objection at trial did not include an objection based on the Confrontation Clause." But, "[b]ecause defense counsel filed a pre-trial motion to suppress the evidence [based on the Confrontation Clause], which the trial court

---

[5]Even though the MVD custodian of records testified, King argues that his confrontation rights were violated because he did not have the ability to cross-examine the persons who had actually gathered and prepared his suspension records and sent the notice of his license suspension. His argument is directed at the statutes authorizing the admission of driving records without further foundation or proof of authenticity. *See* A.R.S. §§ 28-442, 28-444, and 28-445. We note the trial court inexplicably "admitted" the MVD records "for purposes of the record," but it chose not to give them to the jury during its deliberations. We nonetheless address King's Confrontation Clause argument about the records because they formed the entire substance of the custodian's testimony.

denied, [King] did not waive his objection." *State v. Sharp*, 193 Ariz. 414, ¶ 22, 973 P.2d 1171, 1178 (1999). We therefore address King's Confrontation Clause argument.

¶17 In *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004), the Supreme Court held that the Confrontation Clause prohibits the admission of testimonial evidence from a declarant who does not appear at trial unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Relying on *Crawford*, King argues the records in question were testimonial in nature.

¶18 The *Crawford* Court defined "testimony" as "'[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Id.* at 51, 124 S. Ct. at 1364, *quoting* 1 Noah Webster, *An American Dictionary of the English Language* (1828). But the Court said it would "leave for another day any effort to spell out a comprehensive definition of 'testimonial.'" *Id.* at 68, 124 S. Ct. at 1374. "[I]t applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." *Id.; see also Davis v. Washington*, ___ U.S. ___, 126 S. Ct. 2266, 2274 (2006).

¶19 However, *Crawford* made clear that, "[w]here nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law." 541 U.S. at 68, 124 S. Ct. at 1374. The Court noted that "[m]ost of the hearsay exceptions covered statements that by their nature were not

testimonial—for example, business records or statements in furtherance of a conspiracy." *Id.* at 56, 124 S. Ct. at 1367. The issue here is whether the evidence concerning the prior convictions and MVD records is testimonial hearsay such that its admission violated King's confrontation rights under the Sixth Amendment.

¶20 Other jurisdictions that have addressed this issue have concluded that records of prior convictions are nontestimonial and, therefore, are "beyond the prohibition of *Crawford*." *Commonwealth v. Crapps*, 835 N.E.2d 275, 276 (Mass. App. Ct. 2005); *see also People v. Taulton*, 29 Cal. Rptr. 3d 203, 204 (Ct. App. 2005) ("Records of prior convictions are not 'testimonial' and therefore are not subject to *Crawford*'s confrontation requirement."); *People v. Shreck*, 107 P.3d 1048, 1060-61 (Colo. Ct. App. 2004) (attestation of conviction records' veracity not testimonial because authors of prior conviction records are not witnesses against criminal defendants); *State v. Benefiel*, 128 P.3d 1251, 1253 (Wash. Ct. App. 2006) (record of judgment and sentence not testimonial).

¶21 King points to language in *Crawford* that testimonial evidence includes those statements that a declarant "would reasonably expect to be used prosecutorially," 541 U.S. at 51, 124 S. Ct. at 1364, and that a reasonable person would believe "would be available for use at a later trial," *id.* at 52, 124 S. Ct. at 1364. King thus asserts that "[o]ne preparing records of prior convictions must certainly understand that those records are being prepared for use in a criminal prosecution" and that the MVD records were created, kept, and retrieved by government agents "for the purpose of establishing elements of offenses."

10

**¶22** In *Bohsancurt v. Eisenberg*, 212 Ariz. 182, 129 P.3d 471 (App. 2006), we rejected a similar argument about the admission of maintenance and calibration records for a breath-testing machine. That such records "may subsequently be used in DUI prosecutions," we found, "does not preclude [them from] qualifying as business records." *Id.* ¶ 18. We were "not persuaded by Bohsancurt's arguments that the seminal issue under *Crawford* is whether the declarant can reasonably anticipate that his or her statement will likely be used at trial." 212 Ariz. 182, ¶ 28, 129 P.3d at 479.

**¶23** We acknowledge one difference between the prior conviction records here and the calibration records in *Bohsancurt*. In this case, the records relate specifically to King rather than a piece of machinery as in *Bohsancurt*. This difference standing alone, however, does not warrant a different conclusion about their admissibility. As we noted in *Bohsancurt*, other courts have found certain types of records associated with a particular defendant and linked to a specific case to be nontestimonial because they "do not fall within the *Crawford* Court's description of evils the Confrontation Clause was intended to avoid." 212 Ariz. 182, ¶ 27, 129 P.3d at 478-79. We agree that not every record pertaining to a specific individual is necessarily testimonial. "The Court in *Crawford* did not specifically emphasize *any* of its stated 'formulations' as determinative." 212 Ariz. 182, ¶ 29, 129 P.3d at 479. We must look at the nature and content of the record and the circumstances surrounding the creation of the record as a whole.

11

**¶24** Records of prior convictions are public records, which are created and maintained regardless of possible future criminal activity by the defendants. *See* Ariz. R. Crim. P. 26.16(b); *see also Mathews v. Pyle*, 75 Ariz. 76, 78-79, 251 P.2d 893, 895 (1952) (record required by law is a public record). Convictions are not recorded exclusively in anticipation of future litigation for the purpose of establishing facts contained in those records. *See Crawford*, 541 U.S. at 51-52, 124 S. Ct. at 1364 (listing "[v]arious formulations of [the] core class of 'testimonial' statements"). Rather, the records merely document facts already established through the judicial process. Thus, the individuals entering the information in the records cannot be considered witnesses against the subject of the records, *see Davis*, ___ U.S. at ___, 126 S. Ct. at 2274, and their statements are not testimonial.

**¶25** The same reasoning applies to King's MVD records about which the MVD custodian of records testified. They are required to be kept by statute and exist independently of any criminal prosecution. The director of the department of transportation must "[m]ake and maintain records containing adequate and proper documentation of the . . . essential transactions of the agency designed to furnish information to protect the rights of the state and of persons directly affected by the agency's activities." A.R.S. § 41-1346(A)(2); *see also* A.R.S. § 28-3004 (department required to keep records pertaining to driver's licenses). The MVD records, therefore, are prepared in the regular course of business by individuals "who are not proxies of police investigators." *Bohsancurt*, 212 Ariz.

12

182, ¶ 20, 129 P.3d at 476. Like the records of his prior convictions, King's MVD records bear "little resemblance to the civil-law abuses the Confrontation Clause targeted." *Crawford*, 541 U.S. at 51, 124 S. Ct. at 1364; *see also State v. Sproule*, 927 So. 2d 46, 47-48 (Fla. Dist. Ct. App. 2006).

¶26 Because the public records at issue here are akin to business records, and are prepared and maintained regardless of their possible use in a criminal prosecution, we conclude they are not testimonial under *Crawford*. *See State v. Kronich*, 128 P.3d 119, 123 (Wash. Ct. App.) (collecting cases and holding "public records, like business records, should not be considered 'testimonial' statements for purposes of applying *Crawford*"), *review granted*, 139 P.3d 349 (Wash. 2006); *Taulton*, 29 Cal. Rptr. 3d at 206 (same analysis should apply to public records as business records for purpose of Confrontation Clause analysis); *see also Bohsancurt*, 212 Ariz. 182, ¶ 21, 129 P.3d at 477 ("The essence of a public record is that it is created by a public agency. But, when a public agent keeps records in the ordinary course of business of his or her employer, the records may still constitute business records.") (citation omitted).

¶27 We hold that the evidence of King's prior convictions and MVD records is not testimonial and its admission did not violate his right to confront witnesses against him.

## III. Reliability of MVD Records

13

**¶28** In a related argument, King contends the MVD records were "improperly admitted under [*Ohio v. Roberts*, 448 U.S. 56, 100 S. Ct. 2531 (1980),][6] because the testimony regarding [MVD's] record-keeping did not establish sufficient indicia of reliability to meet any hearsay exception." He contends that, "in the context of an essential element of a felony offense, the record-keeping at the Department of Motor Vehicles certainly fails to meet reasonable standards." We interpret his argument to be that the source of information in the records or the method or circumstances of their preparation indicate a lack of trustworthiness and, therefore, do not meet the foundational requirements of the exceptions to the rule against hearsay for business and/or public records. *See* Ariz. R. Evid. 803(6) and (8), 17A A.R.S.

**¶29** In support of his argument, King relies exclusively on the testimony of the MVD's custodian of records, in which she stated she did not know who had retrieved King's MVD records or the qualifications and training of the person who might have retrieved them. She also testified that she did not know how many people have input access to the MVD computers and that she did not believe there was any one person responsible for determining the accuracy of the records. This testimony is insufficient, standing alone, to support King's conclusion that MVD's record-keeping "fails to meet reasonable standards."

---

[6]*Roberts* was effectively overruled by *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). However, King is correct that, to be admissible records under the business or public records exceptions to the hearsay rule, the MVD records must be reliable. *See* Ariz. R. Evid. 803(6) and (8), 17A A.R.S.

¶30 The custodian of records also testified that she had been employed by MVD for seventeen years and had been the department's custodian of records for ten years. Her duties include working with and interpreting records and giving testimony in courts. She identified the MVD records as being King's records because they included his name, date of birth, address, driver's license number, and photograph. She testified that King matched the person depicted in the photograph, and she was "[one] hundred percent confident" that the information in the records about King's license suspension and notice of suspension was accurate.

¶31 King does not dispute that all the statutory requirements for the admission of the MVD records were met. They were, in fact, certified and authenticated and, therefore, were "admissible in evidence without further foundation," A.R.S. § 28-442, and "without further proof of their authenticity," A.R.S. § 28-445(C). And, as the state points out, King did not challenge the constitutionality of the statutes below, nor has he on appeal. We conclude the trial court did not abuse its discretion in admitting evidence of the MVD records.

## IV. Intoxilyzer Test Results

¶32 Finally, King contends the trial court abused its discretion in denying his motion to strike the Intoxilyzer results, asserting that the "statutory requirements for admission of the [I]ntoxilyzer test results were not met." Section 28-1323(A), A.R.S., provides that the "results of a breath test administered for the purpose of determining a

15

person's alcohol concentration are admissible as evidence in any trial" when certain conditions are met. One of those conditions is that "[t]he operator who conducted the test followed an operational checklist approved by the department of health services or the department of public safety for the operation of the device used to conduct the test." § 28-1323(A)(4). That checklist required the officer in this case to have King undergo a fifteen-minute "deprivation period" immediately before the test. *See* Ariz. Admin. Code R9-14-404 and R9-14-401(11) and (8).[7] Section 28-1323(A)(4) further provides that "[t]he testimony of the operator is sufficient to establish this requirement."

¶33 The operators here were Officers Rhind and Bonnano. They testified that Rhind had observed King during the fifteen-minute deprivation period immediately before Bonnano administered the tests, but King claims the test results were inadmissible for failure to meet this requirement. King bases his argument on what he claims is a discrepancy in the testimony. Although the officers testified that Rhind had witnessed the deprivation period from 11:39 p.m. to 12:04 a.m. before the first test was conducted, Rhind also testified that he had used the mobile data terminal in Bonnano's car to gather information about King. And a print-out from that terminal showed an inquiry had been made at 11:47 p.m. King

---

[7]As Division One of this court has noted: "A deprivation period is 'a 15-minute period immediately prior to a quantitative duplicate breath test during which period the subject has not ingested any alcoholic beverages or other fluids, vomited, eaten, smoked or placed any foreign object in the mouth.'" *Ricard v. Ariz. Dep't of Transp.*, 187 Ariz. 633, 637, 931 P.2d 1143, 1147 (App. 1997), *quoting* Ariz. Admin. Code R9-14-401(8).

16

contends that, given these times, Rhind could not have witnessed the required deprivation period despite the officers' testimony to the contrary.

¶34            We find no merit to this argument. Under § 28-1323, the officers' testimony was sufficient to establish compliance with the operational checklist, including the observation of the deprivation period. The state thus fulfilled the statutory requirements for admission of the test results. Further, King's argument is essentially an attack on the officers' credibility. But discrepancies in the evidence affect the weight of evidence, not its admissibility. *See State v. Roscoe*, 145 Ariz. 212, 221, 700 P.2d 1312, 1321 (1984). And the officers' credibility was for the jury to determine. *See State v. Roberts*, 139 Ariz. 117, 121, 677 P.2d 280, 284 (App. 1983). We find no abuse of discretion in the trial court's denial of King's motion to strike the Intoxilyzer results. *See State v. Williams*, 209 Ariz. 228, ¶ 47, 99 P.3d 43, 54 (App. 2004).

## Disposition

¶35            For the foregoing reasons, King's convictions and his placement on probation are affirmed.


_____
                    GARYE L. VÁSQUEZ, Judge

CONCURRING:



_____

17

JOHN PELANDER, Chief Judge

_____
JOSEPH W. HOWARD, Presiding Judge