IN THE COURT OF APPEALS

FILED BY CLERK

JUN 29 2007

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | 2 CA-CR 2006-0324 |
| | ) | DEPARTMENT A |
| v. | ) | |
| | ) | O P I N I O N |
| MICAH S. BENNETT, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20060152

Honorable Edgar B. Acuña, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Eric J. Olsson                                    Tucson
                                                          Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Robb P. Holmes                                                        Tucson
                                                          Attorneys for Appellant

V Á S Q U E Z, Judge.

¶1      A jury found appellant Micah S. Bennett guilty of aggravated driving under the influence of intoxicating liquor (DUI) and aggravated driving with a blood alcohol concentration of .08 or more, both while his driver's license was suspended and revoked,[1] and fleeing from a law enforcement vehicle. After finding that Bennett had two prior aggravated DUI convictions, the trial court sentenced him to enhanced, concurrent, presumptive prison terms, the longest of which were ten-year terms. The sole issue Bennett raises in this appeal is whether the admission of records of his prior convictions without testimony from the person who had prepared them and signed the attached authenticating affidavit[2] violated his rights under the Confrontation Clause of the Sixth Amendment[3] as explained in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). Finding no violation of Bennett's Confrontation Clause rights, we affirm.

¶2      The facts underlying Bennett's convictions are not relevant to the issue raised in this appeal. Thus, we do not set them out here. The state alleged at the commencement of the case, pursuant to A.R.S. § 13-604, that Bennett had two prior felony convictions for sentence enhancement purposes. "In order to prove a prior conviction, the state must submit

---

[1]The parties stipulated that Bennett's license was both suspended and revoked on the date of the offenses.

[2]It appears that one person, a correctional records clerk, prepared at least some of the records, while a different person, a correctional records supervisor, signed the affidavit attached to all the records.

[3]The Confrontation Clause guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him." U.S. Const. amend. VI.

2

positive identification establishing that the accused is the same person who previously was convicted, as well as evidence of the conviction itself." *State v. Cons*, 208 Ariz. 409, ¶ 16, 94 P.3d 609, 615 (App. 2004).

**¶3**		At the bench trial on the allegations of Bennett's prior convictions, the state offered into evidence an exhibit comprised of an "automated summary report," which contained identifying information about Bennett and reflected convictions in two different Pima County cause numbers; Bennett's photographs; and his fingerprint record, all attached to an affidavit from a correctional records supervisor attesting the documents were true and correct copies of documents contained in the Arizona Department of Corrections (DOC) master record file.[4]   Bennett objected, arguing the affidavit attached to the records was inadmissible because it was testimonial and, thus, "violates *Crawford*." The trial court overruled the objection and admitted the exhibit.[5] Bennett argues on appeal this ruling was erroneous.

---

[4]Certified copies of public records are self-authenticating under Rule 902(4), Ariz. R. Evid., 17A A.R.S., as long as they bear the required certification. Bennett does not challenge the affidavit or the records on authenticity grounds.

[5]In conjunction with this exhibit, which the state used to establish Bennett's identity as the same person with the prior convictions, the state also offered into evidence certified copies of court records as evidence of Bennett's prior convictions themselves. Bennett objected to the court records on the ground "the validation of the seal itself [w]as not complete" and, therefore, the certifying deputy clerk "should be called in to testify" that he had indeed certified the records. The trial court overruled that objection and admitted the exhibit comprised of the court records. Bennett does not reurge that argument on appeal, and he did not challenge those documents on Confrontation Clause grounds.

¶4     We generally review a trial court's ruling on the admissibility of evidence for a clear abuse of discretion. *State v. King*, 213 Ariz. 632, ¶ 15, 146 P.3d 1274, 1278 (App. 2006). However, we review de novo challenges to admissibility based on the Confrontation Clause. *Id.* As this court recently noted in *King*, the Supreme Court in *Crawford* "held that the Confrontation Clause prohibits the admission of testimonial evidence from a declarant who does not appear at trial unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." 213 Ariz. 632, ¶ 17, 146 P.3d at 1279, *citing Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374.

¶5     The Court in *Crawford* declined "to spell out a comprehensive definition of 'testimonial.'" 541 U.S. at 68, 124 S. Ct. at 1374. However, the Court described testimony as "typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Id*. at 51, 124 S. Ct. at 1364, *quoting* 2 Noah Webster, *An American Dictionary of the English Language* (1828). *Crawford* further described the "core class of 'testimonial' statements" as those "pretrial statements that declarants would reasonably expect to be used prosecutorially." *Id.* We held in *King* that prior conviction records are not testimonial because "[c]onvictions are not recorded exclusively in anticipation of future litigation for the purpose of establishing facts contained in those records." 213 Ariz. 632, ¶ 24, 146 P.3d at 1280. To the extent Bennett suggests that *King* was wrongly decided, we decline to revisit our holding in that case.

¶6        This does not end our inquiry however, because Bennett also asserts that his case is distinguishable from *King* because "the affidavit authenticating his prior conviction documents was testimonial in nature." He points to the language in *Crawford* describing testimony as "'extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.'" 541 U.S. at 51-52, 124 S. Ct. at 1364, *quoting White v. Illinois*, 502 U.S. 346, 365, 112 S. Ct. 736, 747 (1992) (Thomas, J., concurring in part and concurring in judgment). Although we did not address this argument in *King*, there we did cite with approval the finding in *People v. Shreck*, 107 P.3d 1048, 1060-61 (Colo. Ct. App. 2004), that affidavits accompanying documents showing a defendant's prior convictions are not testimonial statements. 213 Ariz. 632, ¶ 20, 146 P.3d at 1279. The court in *Shreck* noted:

> *Crawford* applies to out-of-court statements by witnesses who would have testified at trial to past events or facts, but are attempting to testify ex parte through an affidavit in lieu of live testimony. In contrast, the affidavits at issue here were provided solely to verify the chain of custody and authenticity of the underlying documentary evidence. It is the underlying documentary evidence, and not the authenticating affidavits, that reference (and are thus used to prove) the facts material to habitual criminal proceedings, namely, a defendant's prior convictions.

107 P.3d at 1060-61 (citation omitted).

¶7        Similarly, the affidavit at issue here, which contained the preparer's attestation that the attached documents were "true and correct copies of original and/or original certified documents now contained in the master record file" of the DOC merely "verif[ies]

5

the chain of custody and authenticity of the underlying documentary evidence." *Id*. at 1061. The attached documents, not the affidavit, are what prove Bennett's prior convictions. In *Bohsancurt v. Eisenberg*, 212 Ariz. 182, ¶¶ 32-34, 129 P.3d 471, 480 (App. 2006), we rejected a similar argument about whether the affidavits attached to maintenance and calibration records for a breath-testing machine rendered the records testimonial. We found they did not, noting the affidavits with which *Crawford* seemed to be concerned were those that "resemble[d] a sworn memorialization of statements elicited ex parte to inculpate a defendant." 212 Ariz. 182, ¶ 33, 129 P.3d at 480. Like the affidavits in *Bohsancurt*, the affidavit here was not "created to formalize statements made at the behest of a party to document specific facts of a case. Rather, [it was] signed and completed in the ordinary course of business, solely in connection with the [underlying documents] themselves."[6] *Id*. ¶ 34. Under these circumstances the affidavit accompanying the documents showing Bennett's prior convictions is not testimonial under *Crawford*.

**¶8** And, the fact that the documents proving Bennett's prior convictions were attached to an affidavit attesting to their authenticity does not render the documents themselves testimonial. Because the records and affidavit were not testimonial, Bennett's rights under the Confrontation Clause were not violated by their admission without the

---

[6]We acknowledge that the affidavit at issue here, unlike the ones in *Bohsancurt v. Eisenberg*, 212 Ariz. 182, ¶ 34, 129 P.3d 471, 480 (App. 2006), does "have a relationship to [a] specific case or defendant." However, as we noted in *State v. King*, 213 Ariz. 632, ¶ 23, 146 P.3d 1274, 1280 (App. 2006), "not every record pertaining to a specific individual is necessarily testimonial."

testimony of the persons who had prepared the records and signed the affidavit. Bennett's convictions and sentences are therefore affirmed.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
JOSEPH W. HOWARD, Presiding Judge