

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,604

**JUAN RAMON MEZA SEGUNDO, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON DIRECT APPEAL
FROM THE CRIMINAL DISTRICT COURT NUMBER THREE
TARRANT COUNTY**

**Cochran, J., delivered the opinion of the unanimous Court on Appellant's
Motion for Rehearing.**

## OPINION ON REHEARING

In December 2006, a jury convicted appellant of capital murder, and the trial court

sentenced him to death. On October 29, 2008, this Court rejected appellant's nineteen points

of error on direct appeal and affirmed his conviction and sentence. In his seventh point of

error, appellant claimed that the trial court erred in admitting, over his objection, testimonial

statements contained within State's Exhibits 171, 172, and 173, which were parole-

revocation documents. In our original opinion, we stated that the revocation certificates were not contained in Exhibits 171-173. Accordingly, we held that appellant forfeited review of this issue by not ensuring that the appellate record contained the material relevant to his point of error.

Appellant filed a Motion for Reconsideration asserting that this Court erred in concluding that he had forfeited his seventh point of error because he had filed a supplemental record which contained complete copies of these exhibits after he had filed his brief. In his original brief, appellant referenced only the trial record containing the partial exhibits; he did not file a supplemental brief pointing out the existence of a supplemental record that contained the complete exhibits. It is not the appellate court's responsibility to wade through voluminous records in search of material that is missing from its referenced location.[1] To avoid such problems in the future, counsel should normally file a supplemental brief pointing out the existence of the supplemental record and explaining that the material

---

[1] *See* TEX. R. APP. P. 71.3 & 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see Roberts v. State*, 220 S.W.3d 521, 527 (Tex. Crim. App. 2007) ("A party has an obligation to make appropriate citations to the record in support of his argument. If the notes [relating to a particular witness] are in the record, appellant has failed to include the proper record references. If, as seems more likely, the notes are not in the record, then appellant procedurally defaulted error by failing to include a matter in the record necessary to evaluate his claim."); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) ("As an appellate court, it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims."); *Cook v. State*, 611 S.W.2d 83, 87 (Tex. Crim. App. 1981) ("This court with its tremendous caseload should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had reference.").

pertinent to a particular point of error may be found in that supplemental record.

Because appellant has now directed the Court to the portion of the appellate record in which the complete parole-revocation documents are located, we shall address his seventh point of error.

Appellant argues that his constitutional right to confrontation was violated when the State introduced these Board of Pardons and Paroles certificates that contained what he asserts are testimonial statements. The specific statements to which he objected at trial are that appellant "subsequently failed to fulfill the terms and conditions of said release, and is therefore not worthy of the trust and confidence placed therein," that he "has violated the conditions of administrative release," and that he was an "administrative release violator." He claims that these statements were "testimonial" in nature and that he was deprived an opportunity "to cross-examine the State witnesses who determined to revoke his parole."

We conclude that these statements were not testimonial. The language to which appellant refers is standard "boilerplate," pre-printed language in a form entitled Board of Pardons and Paroles Proclamation of Revocation and Warrant of Arrest. These "boilerplate statements" are nontestimonial under *Crawford v. Washington,*[2] and the revocation certificates in which they are contained are admissible as an exception to the hearsay rule

---

[2] 541 U.S. 36, 51-55 (2004).

both as public records[3] and as business records.[4]  Other courts that have addressed the issue of public records documenting prior convictions or other similar official findings have concluded that such records are non-testimonial and therefore beyond the prohibition of *Crawford*.[5]

Appellant relies upon our decision in *Russeau v. State*.[6]  In that case, we held that jail records containing specific incident reports written by corrections officers graphically documenting their detailed observations of the defendant's numerous disciplinary offenses were testimonial and inadmissible under *Crawford* when those officers did not testify at

---

[3]TEX. R. EVID. 803(8).

[4] TEX. R. EVID. 803(6).

[5] *See, e.g.*, *United States v. Weiland,* 420 F.3d 1062, 1076-77 (9th Cir. 2005) (penitentiary records were not "testimonial" in nature, nor was "routine" certification of their authenticity); *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005) (a "warrant of deportation is non-testimonial because it was not made in anticipation of litigation, and because it is simply a routine, objective, cataloging of an unambiguous factual matter."); *State v. Bennett,* 162 P.3d 654, 655-57 (Ariz. Ct. App. 2007) (neither record of prior conviction nor authenticating affidavit were testimonial in nature); *State v. King,* 146 P.3d 1274, 1280 (Ariz. Ct. App. 2006) (same); *State v. Benefiel*, 128 P.3d 1251, 1253 (Wash. Ct. App. 2006) ("the judgment and sentence is not testimonial.  It is not a statement made for the purpose of establishing some fact and it does not constitute a statement the declarant would reasonably believe would be used by the prosecutor in a later trial."); *People v. Taulton,* 129 Cal. App.4th 1218, 1225, 29 Cal. Rptr.3d 203, 206 (2005) (documents relating to the records of a penitentiary or jail "may ultimately be used in criminal proceedings . . . [but] they are not prepared for the purpose of providing evidence in criminal trials or for determining whether criminal charges should issue," therefore, they are non-testimonial under *Crawford*); *People v. Shreck*, 107 P.3d 1048, 1060-61 (Colo. Ct. App. 2004) (neither documents showing prior conviction nor authenticating affidavit was testimonial under *Crawford*).

[6] 171 S.W.3d 871 (Tex. Crim. App. 2005).

trial.[7]   We specifically stated that "[t]he trial court erred in admitting *those portions* of the reports that contained the testimonial statements."[8]   Only those portions of the otherwise admissible jail business records that contained  testimonial descriptions of specific facts and observations were inadmissible.

The "boilerplate" parole-revocation certificates admitted in this case  did not contain any such testimonial statements, narratives of specific events, or written observations.  Texas courts have recognized this distinction between official records that set out a sterile and routine recitation of an official finding or unambiguous factual matter such as a judgment of conviction or a bare-bones disciplinary finding and a factual description of specific observations or events that is akin to testimony.[9]

The certificate of parole revocation in this case is nothing but a sterile recitation of the

---

[7] *Id.* at 880.

[8] *Id.* at 881 (emphasis added).

[9] *See Campos v. State*, 256 S.W.3d 757, 761-62 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd.) (admission of autopsy report did not violate Confrontation Clause and explaining that distinction between a testimonial and nontestimonial report does not "depend solely on the inclusion or omission of detailed and graphic personal observations, but rather on the extent to which the records are either sterile recitations of fact or a subjective narration of events" related to the person's potential guilt); *Azeez v. State,* 203 S.W.3d 456, 466 (Tex. App.—Houston [14th Dist.] 2006) (challenged records contained sterile recitations and were admissible over *Crawford* Confrontation Clause objection*), rev'd on other grounds,* 248 S.W.3d 182 (Tex. Crim. App. 2008); *Grant v. State*, 218 S.W.3d 225, 229-32 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (some entries in high school disciplinary records contained testimonial statements; "Because the State did not show that the various teachers and school administrators who provided these statements were both unavailable to testify and had been cross-examined previously, we hold the trial court erroneously admitted the testimonial portions of these records."); *Ford v. State,* 179 S.W.3d 203, 208-09 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (upholding admission of inmate disciplinary records that contained only a sterile recitation of offenses and the punishments received).

fact that appellant violated his parole and was subject to re-arrest and re-incarceration.  It has none of the features of a subjective incident report made by a law-enforcement officer or other person conducting a specific factual investigation for use in a criminal proceeding.

Accordingly, we grant the motion for rehearing, conclude that appellant's seventh point of error is without merit, and once again affirm the trial court's judgment.

Delivered: December 10, 2008

Publish