IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,604






JUAN RAMON MEZA SEGUNDO, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL 


FROM THE CRIMINAL DISTRICT COURT NUMBER THREE


TARRANT COUNTY





 Cochran, J., delivered the opinion of the unanimous Court on Appellant's
Motion for Rehearing.


OPINION ON REHEARING 



 In December 2006, a jury convicted appellant of capital murder, and the trial court
sentenced him to death. On October 29, 2008, this Court rejected appellant's nineteen points
of error on direct appeal and affirmed his conviction and sentence. In his seventh point of
error, appellant claimed that the trial court erred in admitting, over his objection, testimonial
statements contained within State's Exhibits 171, 172, and 173, which were parole-revocation documents. In our original opinion, we stated that the revocation certificates were
not contained in Exhibits 171-173. Accordingly, we held that appellant forfeited review of
this issue by not ensuring that the appellate record contained the material relevant to his point
of error.

 Appellant filed a Motion for Reconsideration asserting that this Court erred in
concluding that he had forfeited his seventh point of error because he had filed a
supplemental record which contained complete copies of these exhibits after he had filed his
brief. In his original brief, appellant referenced only the trial record containing the partial
exhibits; he did not file a supplemental brief pointing out the existence of a supplemental
record that contained the complete exhibits. It is not the appellate court's responsibility to
wade through voluminous records in search of material that is missing from its referenced
location. (1)
 To avoid such problems in the future, counsel should normally file a supplemental
brief pointing out the existence of the supplemental record and explaining that the material
pertinent to a particular point of error may be found in that supplemental record.

 Because appellant has now directed the Court to the portion of the appellate record
in which the complete parole-revocation documents are located, we shall address his seventh
point of error.

 Appellant argues that his constitutional right to confrontation was violated when the
State introduced these Board of Pardons and Paroles certificates that contained what he
asserts are testimonial statements. The specific statements to which he objected at trial are
that appellant "subsequently failed to fulfill the terms and conditions of said release, and is
therefore not worthy of the trust and confidence placed therein," that he "has violated the
conditions of administrative release," and that he was an "administrative release violator." 
He claims that these statements were "testimonial" in nature and that he was deprived an
opportunity "to cross-examine the State witnesses who determined to revoke his parole."

 We conclude that these statements were not testimonial. The language to which
appellant refers is standard "boilerplate," pre-printed language in a form entitled Board of
Pardons and Paroles Proclamation of Revocation and Warrant of Arrest. These "boilerplate
statements" are nontestimonial under Crawford v. Washington, (2) and the revocation
certificates in which they are contained are admissible as an exception to the hearsay rule
both as public records (3) and as business records. (4) Other courts that have addressed the issue
of public records documenting prior convictions or other similar official findings have
concluded that such records are non-testimonial and therefore beyond the prohibition of
Crawford. (5) 

 Appellant relies upon our decision in Russeau v. State. (6) In that case, we held that jail
records containing specific incident reports written by corrections officers graphically
documenting their detailed observations of the defendant's numerous disciplinary offenses
were testimonial and inadmissible under Crawford when those officers did not testify at
trial. (7) We specifically stated that "[t]he trial court erred in admitting those portions of the
reports that contained the testimonial statements." (8) Only those portions of the otherwise
admissible jail business records that contained testimonial descriptions of specific facts and
observations were inadmissible. 

 The "boilerplate" parole-revocation certificates admitted in this case did not contain
any such testimonial statements, narratives of specific events, or written observations. Texas
courts have recognized this distinction between official records that set out a sterile and
routine recitation of an official finding or unambiguous factual matter such as a judgment of
conviction or a bare-bones disciplinary finding and a factual description of specific
observations or events that is akin to testimony. (9) 

 The certificate of parole revocation in this case is nothing but a sterile recitation of the
fact that appellant violated his parole and was subject to re-arrest and re-incarceration. It has
none of the features of a subjective incident report made by a law-enforcement officer or
other person conducting a specific factual investigation for use in a criminal proceeding.

 Accordingly, we grant the motion for rehearing, conclude that appellant's seventh
point of error is without merit, and once again affirm the trial court's judgment.

Delivered: December 10, 2008


Publish 
1. See Tex. R. App. P. 71.3 & 38.1(i) ("The brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record.");
see Roberts v. State, 220 S.W.3d 521, 527 (Tex. Crim. App. 2007) ("A party has an obligation to
make appropriate citations to the record in support of his argument. If the notes [relating to a
particular witness] are in the record, appellant has failed to include the proper record references.
If, as seems more likely, the notes are not in the record, then appellant procedurally defaulted
error by failing to include a matter in the record necessary to evaluate his claim."); Alvarado v.
State, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) ("As an appellate court, it is not our task to
pore through hundreds of pages of record in an attempt to verify an appellant's claims."); Cook v.
State, 611 S.W.2d 83, 87 (Tex. Crim. App. 1981) ("This court with its tremendous caseload
should not be expected to leaf through a voluminous record hoping to find the matter raised by
appellant and then speculate whether it is that part of the record to which appellant had
reference.").


2. 541 U.S. 36, 51-55 (2004).
3. Tex. R. Evid. 803(8).
4. Tex. R. Evid. 803(6).
5. See, e.g., United States v. Weiland, 420 F.3d 1062, 1076-77 (9th Cir. 2005) (penitentiary
records were not "testimonial" in nature, nor was "routine" certification of their authenticity);
United States v. Bahena-Cardenas, 411 F.3d 1067, 1075 (9th Cir. 2005) (a "warrant of
deportation is non-testimonial because it was not made in anticipation of litigation, and because
it is simply a routine, objective, cataloging of an unambiguous factual matter."); State v. Bennett,
162 P.3d 654, 655-57 (Ariz. Ct. App. 2007) (neither record of prior conviction nor authenticating
affidavit were testimonial in nature); State v. King, 146 P.3d 1274, 1280 (Ariz. Ct. App. 2006)
(same); State v. Benefiel, 128 P.3d 1251, 1253 (Wash. Ct. App. 2006) ("the judgment and
sentence is not testimonial. It is not a statement made for the purpose of establishing some fact
and it does not constitute a statement the declarant would reasonably believe would be used by
the prosecutor in a later trial."); People v. Taulton, 129 Cal. App.4th 1218, 1225, 29 Cal. Rptr.3d
203, 206 (2005) (documents relating to the records of a penitentiary or jail "may ultimately be
used in criminal proceedings . . . [but] they are not prepared for the purpose of providing
evidence in criminal trials or for determining whether criminal charges should issue," therefore,
they are non-testimonial under Crawford); People v. Shreck, 107 P.3d 1048, 1060-61 (Colo. Ct.
App. 2004) (neither documents showing prior conviction nor authenticating affidavit was
testimonial under Crawford).
6. 171 S.W.3d 871 (Tex. Crim. App. 2005).
7. Id. at 880.
8. Id. at 881 (emphasis added).
9. See Campos v. State, 256 S.W.3d 757, 761-62 (Tex. App.--Houston [14th Dist.] 2008,
pet. ref'd.) (admission of autopsy report did not violate Confrontation Clause and explaining that
distinction between a testimonial and nontestimonial report does not "depend solely on the
inclusion or omission of detailed and graphic personal observations, but rather on the extent to
which the records are either sterile recitations of fact or a subjective narration of events" related
to the person's potential guilt); Azeez v. State, 203 S.W.3d 456, 466 (Tex. App.--Houston [14th
Dist.] 2006) (challenged records contained sterile recitations and were admissible over Crawford
Confrontation Clause objection), rev'd on other grounds, 248 S.W.3d 182 (Tex. Crim. App.
2008); Grant v. State, 218 S.W.3d 225, 229-32 (Tex. App.--Houston [14th Dist.] 2007, pet.
ref'd) (some entries in high school disciplinary records contained testimonial statements;
"Because the State did not show that the various teachers and school administrators who
provided these statements were both unavailable to testify and had been cross-examined
previously, we hold the trial court erroneously admitted the testimonial portions of these
records."); Ford v. State, 179 S.W.3d 203, 208-09 (Tex. App.--Houston [14th Dist.] 2005, pet.
ref'd) (upholding admission of inmate disciplinary records that contained only a sterile recitation
of offenses and the punishments received).